IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiffs' complaint, defendant admits, denies, and alleges as follows:

1. Admits.

2. The allegations contained in paragraph 2 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 are conclusions of law and plaintiffs' characterization of the relief sought in this action, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in the first sentence of paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that FmHA entered into contracts before December 21, 1979, with some housing owners. Denies the allegations contained in the second sentence of paragraph 5 for lack of knowledge or information to form a belief as to their truth.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in the first sentence of paragraph 7 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that FmHA entered into contracts on or after before December 21, 1979, with some housing owners. Admits the allegations contained in the second and third sentences of paragraph 7 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. Denies the allegation contained in paragraph 10 that each of the plaintiffs is a limited partnership, for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in paragraph 10 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits the allegation contained in the first sentence of paragraph 12. The allegations contained in the second and third sentences of paragraph 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 12. Admits the allegation contained in the fourth sentence of paragraph 12. The fifth, parenthetical sentence of paragraph 12 contains no allegations but only a Federal Register citation, to which no response is required. Admits the allegation contained in the sixth sentence of paragraph 12. The seventh sentence of paragraph 12 contains plaintiffs' characterization of terminology utilized in the complaint, and not allegations of fact to which a response would be required.

13. The allegation contained in paragraph 13 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

14. The allegation contained in paragraph 14 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

15. Denies the allegations contained in paragraph 15, except to admit that during the 1960s legislation was enacted that authorized the Farmers Home Administration, U.S. Department of Agriculture ("FmHA") to provide mortgage insurance, below-market rate loans, and interest rate subsidies for developers of multifamily rental housing projects for low and moderate-income rural residents.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that during the 1960s Congress enacted the legislation cited in this paragraph, and the Court is respectfully referred to the cited statutes for a complete statement of their

contents. The fourth sentence of paragraph 16 contains plaintiffs' characterization of terminology utilized in the complaint, and not allegations of fact to which a response would be required.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. Denies the allegations contained in the first sentence of paragraph 18, except to admit that each plaintiff executed a Loan Agreement, Promissory Note and Real Estate Mortgage. The allegations contained in the second sentence of paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 18 to the extent supported by the document cited, which is the evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 18.

19. The allegations contained in paragraph 19 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

25. The allegations contained in paragraph 25 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

27. The allegations contained in paragraph 27 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied,

and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, except to admit that Congress enacted the legislation cited, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

31. The allegations contained in paragraph 31 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

34. Denies.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied,

and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

36. The allegations contained in paragraph 36 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied, and the Court is respectfully referred to the cited legislation for a complete statement of its contents.

37. The allegations contained in the first sentence of paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 37 for lack of knowledge or information to form a belief as to their truth. The allegations contained in the third sentence of paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information to form a belief as to their truth.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. Denies the allegations contained in the first sentence of paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth, except to admit that certain

of the plaintiffs have submitted applications for prepayment and/or an offer of incentives from the Government. Denies the remainder of the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42, except to admit that certain plaintiffs met with or made inquiries of agency officials regarding prepayment of their loans.

43. Denies the allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

44. Denies.

45. Denies.

46. The allegations contained in paragraph 46 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Denies the allegations contained in the first sentence of paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 47.

48. Denies.

49. Defendant incorporates its responses to paragraphs 1 through 48 in response to paragraph 49.

50. Denies.

51. Denies.

52. Defendant incorporates its responses to paragraphs 1 through 51 in response to paragraph 52.

53. Denies.

54. Denies.

55. Denies that plaintiffs are entitled to any of the relief requested in the prayer for relief.

56. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

57. The claims of plaintiffs Park Terrace Limited and Mullica West Limited are barred by the statute of limitations.

58. The claims of plaintiffs Tamerlane, Limited, Park Terrace Limited and Mullica West Limited are barred by the defense of accord and satisfaction.

WHEREFORE, defendant requests that the complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

September 21, 2005