**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

TAMERLANE, LIMITED,
a limited partnership,
704 G East Main Street
Moorestown, New Jersey 08057

and

PARK TERRACE LIMITED,
a limited partnership,
P.O. Box #264
511 Grove Ave.
Mohnton, PA 19540

and

PARK TERRACE EAST LIMITED,
a limited partnership,
P.O. Box #264
511 Grove Ave.
Mohnton, PA 19540

and

MULLICA WEST LIMITED,
a limited partnership,
704 G East Main Street
Moorestown, New Jersey 08057

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 05-677C
(Judge Christine O.C. Miller)

**JOINT PRELIMINARY STATUS REPORT**

Plaintiffs, Tamerlane, Limited, et al. ("Plaintiffs") and defendant, The United States of America (the "Government"), respectfully submit this Joint Preliminary Status Report, setting forth the responses called for under Section III of Appendix A to the Rules of this Court:

4. (a) Does the court have jurisdictional over the action? Plaintiffs believe that the Court possesses jurisdiction over the action. Defendant believes that that the claims of plaintiffs Park Terrace Limited and Mullica West Limited are barred by the statute of limitations, and that, for this reason, the Court lacks jurisdiction to entertain the claims of these two plaintiffs.

(b) Should the case be consolidated with any other case and the reasons therefore? No.

(c) Should trial of liability and damages be bifurcated and the reasons therefore? Plaintiffs believe that the issue of liability has effectively been established, because the case of Franconia Associates v. United States, 61 Fed. Cl. 718 (2004), ("Franconia"), found the Government liable under circumstances controlling here, and that the only remaining issues to be tried are partnership-specific, namely ability to prepay and damages. Defendant believes that both liability and damages must be resolved, and that the liability decision in Franconia is not binding or controlling here. Nevertheless, if liability is not resolved upon motion and must be tried, defendant does not believe that trial of liability and damages should be bifurcated.

(d) Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefore? The parties are discussing, and anticipate the probability of filing, a joint motion for the stay of this action pending efforts to resolve the case. In prior and parallel litigation with other partnerships, the parties are in the process of developing certain benchmarks for resolution which may prove

applicable here. In any event, the parties are agreeable to seeking alternative dispute resolution prior to further, formal litigation activity.

(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration? No.

(f) Will additional parties be joined, and if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder? No. Additionally, Defendant believes that, according to the Court's reasoning in Franconia Associates v. United States, 61 Fed. Cl. 718 (2004), the parties presently named as plaintiffs in this case are improperly joined.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing? The Government contemplates a motion for summary judgment based on its position that the claims of two of the partnerships are barred by the statue of limitations. The two plaintiffs which may be affected by that motion dispute the applicability of the statute of limitations, and alternatively claim that any such motion at most would affect only a portion of their claims. The Government may also file a motion for summary judgment as to liability with respect to all Plaintiffs. Such a motion would address, among other things, the defense of accord and satisfaction pleaded in the Government's answer with respect to the claims of three plaintiffs, Tamerlane, Limited, Park Terrace Limited and Mullica West Limited.

(h) What are the relevant factual and legal issues? Plaintiffs believe that the legal issues governing the liability of the Government have already been adjudicated in Franconia, and that it remains only for the plaintiffs to show that they could have refinanced the properties, had prepayment been allowed, and their damages. Defendant believes that the

liability decision in Franconia is not binding or controlling here, and that, in addition to the issues identified by Plaintiffs, the following additional issues are involved:

(i) Whether the events upon which the claims of plaintiffs Park Terrace Limited and Mullica West Limited are based all occurred more than six years before the commencement of this action, and, if so , whether these claims are barred by the statute of limitations set forth at 28 U.S.C. § 2501.

(ii) Whether the enactment of the Emergency Low Income Housing Preservation Act, Pub. L. No. 100-242, 101 Stat. 1877 (1988) ("ELIHPA"), and the Housing and Community Development Act of 1992, Pub. L. No. 102-550, 106 Stat. 3672 (1992) ("the 1992 Act") constituted a repudiation of Plaintiffs' contracts.

(iii) Whether the Government actions of which plaintiffs complain constituted a breach of plaintiffs' contracts.

(iv) Whether the Government actions of which Plaintiffs complain constituted a taking of Plaintiffs' property without just compensation, within the meaning of the Fifth Amendment of the U.S. Constitution.

(v) Whether a takings claim may be maintained where the claim is based upon allegations that the Government's actions violated rights arising under a contract with the Government.

(vi) Whether the contractual prepayment right upon which plaintiffs Tamerlane, Limited, Park Terrace Limited and Mullica West Limited rely was modified by virtue of these plaintiffs' acceptance and receipt of equity loans provided by the Government as an incentive to avert prepayment of the plaintiffs' outstanding loans under section 515 of the Housing Act of 1949.

(vii) Whether the acceptance and receipt of equity loans provided by the Government as an incentive to avert prepayment constituted an accord and satisfaction of the claims of these plaintiffs.

(i) <u>What is the likelihood of settlement? Is alternative dispute resolution contemplated?</u> There exists a reasonable likelihood of settlement. The Government believes that the statute of limitations issue should be resolved prior to any settlement of the claims of plaintiffs Park Terrace Limited and Mullica West Limited; plaintiffs believe that the statute of limitations position of the Government as to the two partnerships is unmeritorious, and in any event settlement efforts should not be delayed but should proceed globally with respect to all partnerships simultaneously, with the limitations issue as to the two partnerships being one of the issues to be explored by the parties in the settlement discussions as to the two partnerships The parties may need to exchange certain documents in order to properly evaluate settlement issues. The parties are also considering the utilization of the Court's alternative dispute resolution procedures.

(j) <u>Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore?</u> Trial will be required if settlement efforts prove unavailing. The parties do not anticipate a request for expedited trial scheduling.

(k) <u>Are there special issues regarding electronic case management needs?</u> No.

(l) <u>Is there other information of which the court should be aware at this time?</u> No.

5. In the event the case is stayed pending settlement, and settlement efforts prove unsuccessful, factual discovery should be concluded nine (9) months from the termination of the stay and expert discovery should be concluded twelve (12) months from the termination of the

stay. Should the case not be stayed pending settlement efforts, factual discovery should be concluded nine (9) months from the time that it is determined no stay will be imposed and expert discovery should be concluded twelve (12) months from the time that it is determined no stay will be imposed.

6. Not applicable.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**
H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Plaintiffs,
Tamerlane, Limited, Park Terrace Limited,
Park Terrace East Limited and Mullica West
Limited

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed Electronically**
**With the consent of the**
**Attorney for Plaintiffs**

Dated: November 9, 2005