**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAMERLANE, LIMITED,<br>a limited partnership,<br>704 G East Main Street<br>Moorestown, New Jersey 08057<br><br>and<br><br>PARK TERRACE LIMITED,<br>a limited partnership,<br>P.O. Box #264<br>511 Grove Ave.<br>Mohnton, PA 19540<br><br>and<br><br>PARK TERRACE EAST LIMITED,<br>a limited partnership,<br>P.O. Box #264<br>511 Grove Ave.<br>Mohnton, PA 19540<br><br>and<br><br>MULLICA WEST LIMITED,<br>a limited partnership,<br>704 G East Main Street<br>Moorestown, New Jersey 08057<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | : | No. 05-677C<br>(Judge Christine O.C. Miller) |

**JOINT STATUS REPORT**

Pursuant to this Court's Order dated March 17, 2006, the parties jointly submit this status report concerning the status of their efforts to resolve amicably the disputes in this action.

Since the last status report submitted to the court on March 15, 2006, the parties have begun to explore the possibility of settlement of this case, which involves the claims of four separate limited partnerships, Tamerlane, Limited, Park Terrace Limited, Park Terrace East Limited, and Mullica West Limited. After several lengthy telephone conversations between counsel concerning the issues in the case, the parties conducted a lengthy, face-to-face meeting, involving both clients and counsel, in Washington, D. C. on April 10, 2006. At that meeting, each side presented its views on the case and discussed the potential parameters in which they believed the dispute might be resolved. In addition, the parties discussed the best way to proceed toward the goal of potential resolution.

As agreed at the meeting, and shortly after the meeting took place, plaintiffs submitted to the Government, without prejudice, their damages calculations as to each of the four properties at issue. That submission was accompanied by an explanation of the underlying assumptions used by the plaintiff to derive the calculated damages. That submission was made pursuant to plaintiffs' understanding, reached at the April 10, 2006 meeting, that the Government would respond to the submission within approximately one month. The Government believes that it committed only to attempt to respond within approximately one month, and that, in any event, its ability to respond was subject to the availability of the Government's experts, who have been advising Government counsel concerning damages calculations in more than 260 cases involving claims similar to those in this case.

Since that time, the Government has responded to the submission with respect to one of the four properties, Tamerlane, Ltd. This response, made by letter dated June 26, 2006, included detailed adjustments to plaintiff's damages calculations and an explanation of the reasons why the Government believed these adjustments to be appropriate. The Government also advised plaintiffs that, in its view, the methodological issues involved in these adjustments were generally applicable to the other properties involved in this case as well.

Plaintiffs reviewed the June 26, 2006 letter carefully. In the opinion of the plaintiffs, the response was inaccurate in many respects, and did not reflect a sound view of the property and the basis for establishing damages. A letter dated July 19, 2006 was written by the plaintiffs to the Government, pointing out the inadequacies of the Government's response from the plaintiff's point of view.

Plaintiffs have also pressed the Government for a response with respect to the remaining three properties, as to which no particularized response has been received. Plaintiffs believe not only that the analysis as to Tamerlane, Limited was unsound, but that it is based on specific facts with respect to the Tamerlane property alone which do not apply to the other three properties.

Plaintiffs believe that, in view of the difficulties in proceeding to date, it would be appropriate for this case to be referred to Alternative Dispute Resolution ("ADR") before Judge Marian Blank Horn, to whom more than 260 cases involving claims similar to those in this case have been referred. The Government agrees that referral of this case to ADR would be appropriate with respect to resolving damages, but believes that the statute of limitations defense pleaded in the Government's answer with respect to the claims of two of the four partnerships -- Park Terrace Limited and Mullica West Limited -- involve jurisdictional issues that should be resolved by motion before damages can be addressed in ADR. Defendant anticipates filing such a motion on or before September 25, 2006.

Plaintiffs believe that no useful purpose would be served by delaying submission of the claims of all four partnerships through ADR. Plaintiffs believe that the statute of limitations defense that the Government has raised with respect to the two partnerships will turn on disputed issues of fact, which under existing precedent will not be resolved by a motion. Plaintiffs believe that those issues are entirely suitable for discussion in the ADR process, that

the ADR process can usefully evaluate those issues, and that, if necessary, the ADR process can take those issues into account in the context of attempting to reach a resolution of the claims.

Plaintiffs request that the Court assign the case in its entirety to ADR. If this Court is disposed not to assign the entire case to ADR, plaintiffs then request that the Court establish a schedule of dates for the entire case to be ready for trial. In such event, plaintiffs and the Government are prepared to confer and to submit a proposed pre-trial schedule to the Court for consideration.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**
H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Plaintiffs,
Tamerlane, Limited, Park Terrace Limited, Park Terrace East Limited and Mullica West Limited

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed Electronically**
**With the consent of the**
**Attorneys for Plaintiffs**

Dated: August 17, 2006

PHILADELPHIA\2715967\1 164980.000