IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO LIFT STAY FOR PURPOSE OF
ALLOWING FILING AND ADJUDICATION OF DISPOSITIVE MOTION

Defendant respectfully requests that the Court lift the stay entered in this case on January 3, 2006, for the limited purpose of allowing the filing and adjudication of a motion for judgment on the pleadings dismissing certain claims in this case.

In the joint status report filed by the parties on August 17, 2006, the parties stated, among other things, as follows:

> Plaintiffs believe that, in view of the difficulties in proceeding to date, it would be appropriate for this case to be referred to Alternative Dispute Resolution ("ADR") before Judge Marian Blank Horn, to whom more than 260 cases involving claims similar to those in this case have been referred. The Government agrees that referral of this case to ADR would be appropriate with respect to resolving damages, but believes that the statute of limitations defense pleaded in the Government's answer with respect to the claims of two of the four partnerships – Park Terrace Limited and Mullica West Limited -- involve jurisdictional issues that should be resolved by motion before damages can be addressed in ADR. Defendant anticipates filing such a motion on or before September 25, 2006.

Although the filing of such a motion was delayed by various other litigation matters occupying Government counsel's attention, the Government is prepared to file such a motion at this time. As a procedural matter, however, we believe that the stay currently in effect should be lifted for the limited purpose of allowing the filing and adjudication of the motion.

As indicated in the above-quoted joint status report, the motion would seek dismissal of the claims of plaintiffs Park Terrace Limited and Mullica West Limited based upon the statute of limitations. We believe that statute of limitations defense need not affect the parties' efforts to settle the claims of the other two plaintiffs – Tamerlane, Limited and Park Terrace East Limited – but that this defense is a complete bar to the claims of Park Terrace Limited and Mullica West Limited. The elimination of any uncertainty concerning this issue may facilitate resolution of the other issues in this case.

The motion would also seek dismissal of Count Two of the complaint (alleging an taking of property without just compensation) as to all plaintiffs, for failure to state a claim upon which relief can be granted. Because this count seeks to invoke an alternative remedy for the same injury alleged in Count One (in which a breach of contract is alleged), dismissal of Count Two will not resolve the underlying controversy. However, elimination of one of these two theories for recovery is likely to narrow the issues that would be involved in any further settlement discussions between the parties.

For the foregoing reasons, the stay entered in this case on January 3, 2006, should be lifted for the limited purpose of allowing the filing and adjudication of a motion for judgment on the pleadings dismissing certain claims in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

OF COUNSEL
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

Alicia Peden
Office of General Counsel
Department of Agriculture

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

October 10, 2006