**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TAMERLANE, LIMITED,<br>a limited partnership,<br>704 G East Main Street<br>Moorestown, New Jersey 08057<br><br>and<br><br>PARK TERRACE LIMITED,<br>a limited partnership,<br>P.O. Box #264<br>511 Grove Ave.<br>Mohnton, PA 19540<br><br>and<br><br>PARK TERRACE EAST LIMITED,<br>a limited partnership,<br>P.O. Box #264<br>511 Grove Ave.<br>Mohnton, PA 19540<br><br>and<br><br>MULLICA WEST LIMITED,<br>a limited partnership,<br>704 G East Main Street<br>Moorestown, New Jersey 08057<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-677C<br>(Judge Christine O.C. Miller) |

**OPPOSITION OF PLAINTIFFS TO DEFENDANT'S MOTION TO LIFT STAY FOR PURPOSE OF ALLOWING FILING AND ADJUDICATION <u>OF DISPOSITIVE MOTION</u>**

Plaintiffs respectfully file this opposition to Defendant's Motion to Lift Stay for the Purpose of Allowing Filing and Adjudication of Disposition Motion (the "Motion"). What the Government seeks is unfair because it would lift the stay as to issues the Government seeks to pursue but would not permit the Plaintiffs to proceed. Plaintiffs submit that the most expeditious way to proceed would be to submit the entire case to mediation. The mediator can weigh all the issues the Government wishes to raise in attempting to guide the parties to a fair settlement. If, however, the Court declines that suggestion, in fairness the stay should be lifted, discovery should proceed and a case management order entered.

## PROCEDURAL HISTORY

This action was brought by four separate limited partnerships, Tamerlane, Limited, Park Terrace Limited, Park Terrace East Limited, and Mullica West Limited, to recover damages for the Government's breach of its agreement to allow the respective partnerships to pay off their loans to the Government and free the partnership real estate of their low-income housing restrictions. In January, 2006, the parties jointly requested that the cases be stayed pending efforts at settlement. That motion was granted.

Efforts at settlement by the parties, without the structure of mediation, have taken place. These efforts were described in the August 17, 2005 Joint Status Report. As noted in the Joint Status Report, the parties have disagreed as to the reasons settlement efforts were not more productive.

Defendant has now moved that the stay be lifted to allow it to file a motion for judgment on the pleadings dismissing the claims with respect to two partnerships on the basis of the statute of limitations, and to eliminate an alternative theory of recovery (pleaded in Count II) on behalf of all partnerships. In its moving papers, Defendant recognizes that at best the Motion

will not resolve all of the claims of at least two partnerships, and that the second ground for its motion alone cannot fully resolve claims of any partnership. Motion at 2.

The Motion should be denied, since it would fragment this litigation, result in duplicative effort, and delay and render more costly the ultimate disposition of the case.

## ARGUMENT

### A. The Entire Case Should Be Submitted to Mediation.

As the Court is aware, mediation efforts have taken place, and are currently taking place, with respect to the similar claims of other plaintiffs. Both parties to this case thought it useful to undertake settlement negotiations.

Plaintiffs believe that no useful purpose would be served by delaying submission of the claims of all four partnerships to ADR. At the present time, more than 260 cases involving claims similar to those in this case have been referred to Alternative Dispute Resolution ("ADR") before Judge Marian Blank Horn. At a time when hundreds of other cases are being mediated, Plaintiffs believe the wise course of action is to join this case with the other cases being mediated. Plaintiffs believe that the statute of limitations issues raised as to two partnerships are entirely suitable for discussion in the ADR process; that the ADR process can usefully evaluate those issues; and that, if necessary, the ADR process can take those issues into account in the context of attempting to reach a resolution of the claims of the two affected partnerships.

### B. It Is Unfair To Lift The Stay For A Limited Purpose.

Essentially, the Government proposes that it should get a court determination of the statute of limitations defense as to two of the four partnerships before proceeding with mediation. But, if the Government loses that motion because there are fact issues that need to be resolved, will it then say that it opposes mediation until those fact issues can be resolved?

Conversely, the Plaintiffs believe that they may be entitled to summary judgment on liability issues. Why should the Government be allowed to ask the Court for a ruling on some issues, while Plaintiffs are denied the same benefit as to other issues?

This unfairness is apparent from the stay relief sought by Defendant, where Defendant seeks leave to file a motion which raises two issues. In opposing the Motion, the guiding principle of Plaintiffs is to avoid fragmentation of this litigation, which would result in duplication of efforts, delays and additional cost in bringing the claims to ultimate resolution.

The first issue Defendant seeks to raise is the bar of the statute of limitations as to two of the partnerships. Plaintiffs believe that the statute of limitations defense that the Government has raised with respect to the two partnerships will turn on disputed issues of fact, which under existing precedent will not be resolved by a motion, and that the factual circumstances in which the Government coerced a request for prepayment will defeat a putative statute of limitations bar.

The second issue Defendant seeks to raise is the dismissal of the alternative "taking without just compensation" claim, asserted by all Plaintiffs in Count II. Defendant concedes that "this count seeks to invoke an alternative remedy for the same injury alleged in Count I" and "dismissal of Count II will not resolve the underlying controversy." Motion at 2. Taken alone, then, a favorable ruling on this issue will not resolve the claims of any partnership.

In any event, the Motion will delay, not advance, the ultimate resolution of these cases. The time and effort expended in the requested motion practice could better be dedicated to attempting to resolve the entire controversy at its root. As set forth in the Joint Status Report, Plaintiffs therefore request that the Court assign the case in its entirety to ADR.

If this Court is disposed not to assign the entire case to ADR, as further set forth in the Joint Status Report, Plaintiffs alternatively request that the Court establish a schedule of

dates for the entire case to be ready for trial. In such event, plaintiffs and the Government are prepared to confer and to submit a proposed pre-trial schedule to the Court for consideration. Plaintiffs seek this alternative relief not because they are no longer desirous of giving resolution of the claims the "best shot" possible via the mediation route, but because absent global mediation the most efficient and cost-effective course of action is to actively litigate the case in its entirety -- including the completion of fact and expert discovery, and the filing of dispositive disposition dates applicable to all parties.

## CONCLUSION

For the reasons stated above, the stay should not be lifted. Rather, the claims of all plaintiffs should be referred to ADR. Alternatively, if the stay is lifted, deadlines for litigating to conclusion the claims of all plaintiffs should be scheduled so that Plaintiffs may proceed expeditiously to trial if the claims cannot be settled.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**

H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Plaintiffs,
Tamerlane, Limited, Park Terrace Limited, Park Terrace East Limited and Mullica West Limited

**Filed Electronically**

Dated: October 26, 2006