IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION TO LIFT STAY FOR PURPOSE OF
ALLOWING FILING AND ADJUDICATION OF DISPOSITIVE MOTION

In their opposition to the Government's motion to lift the stay in this case to allow the filing and adjudication of a motion for judgment on the pleadings dismissing certain claims in this case, plaintiffs argue that it would be unfair to lift the stay for this purpose but otherwise to leave it the stay in effect. Plaintiffs ask: "Why should the Government be allowed to ask the Court for a ruling on some issues, while Plaintiffs are denied the same benefit as to other issues?" Plaintiffs' Opposition 4 (emphasis in original). The short answer is, no one seeks to deny plaintiffs any such benefits. We requested only a limited lifting of the stay because we had no reason to request more. Plaintiffs, however, are free to request that the stay be lifted for additional purposes, or for all purposes.

Plaintiffs also state that "[i]n opposing the Motion, the guiding principle of Plaintiffs is to avoid fragmentation of this litigation . . . ." Id. Apparently to avoid fragmentation, plaintiffs "request that the Court assign the case in its entirety to ADR," or, alternatively, "that the Court establish a schedule of dates for the entire case to be ready for trial." Id. at 4-5 (emphasis in original).

With respect to plaintiffs' desire to avoid fragmentation, we note that it would actually be appropriate to sever the claims of the various plaintiffs, for reasons independent of whether the court lifts the stay in whole or in part. In a multi-plaintiff case raising claims almost identical to the claims in this case, this Court issued an order sua sponte, holding that the plaintiffs were improperly joined, and directing severance of the claims of the various plaintiffs. Franconia Assocs. v. United States, 61 Fed. Cl. 335 (2004). In another similar case, the Court also issued an order (without an opinion) severing the various plaintiffs' claims Allegre Villa v. United States, No. 98-823C (Fed. Cl., Sept. 20, 2004).[1] Although we have not requested severance in this case, the reasoning in Franconia compels the conclusion that the plaintiffs in this case are improperly joined. Under these circumstances, plaintiffs' desire to have their claims addressed together, whether in Alternative Dispute Resolution proceedings or in litigation, is not a valid reason to deny the Government's request that the stay be lifted, at least for the purpose stated in our motion.

With respect to plaintiffs' alternative request "that the Court assign the case in its entirety to ADR," we note that, under the rules of this Court, "ADR is voluntary. A party's good-faith determination that ADR is not appropriate in a particular case should be respected by other parties and by the court." RCFC Appendix H, ¶ 3(a). The Government believes that the issues it intends to present for adjudication in its dispositive motion are legal issues, including issues of jurisdiction, that are not appropriate subjects for ADR.

---

[1] In both of these cases, the Court also ordered that the newly-created cases resulting from the severance be consolidated with the lead case. The severance and consolidation in these cases, however, occurred after many years of litigation in which the claims of all of the plaintiffs had been treated as a single case.

For the foregoing reasons, the stay entered in this case on January 3, 2006, should be lifted, at least for the limited purpose of allowing the filing and adjudication of a motion for judgment on the pleadings dismissing certain claims in this case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

Alicia Peden
Office of General Counsel
Department of Agriculture

**Filed electronically**

November 9, 2006