IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING THE CLAIMS OF PARK TERRACE LIMITED AND MULLICA WEST LIMITED

Pursuant to Rule 12(c) of the Rules of the United States Court of Federal Claims and this court's Order dated November 15, 2006, defendant respectfully requests the Court to grant the Government judgment on the pleadings, dismissing the claims of plaintiffs Park Terrace Limited ("Park Terrace") and Mullica West Limited ("Mullica") , for lack of jurisdiction or for failure to state a claim upon which relief can be granted.[1] In support of this motion, we rely upon the complaint,[2] the attached appendix,[3] and the following brief.

[1] In our Motion to Lift Stay for Purpose of Allowing Filing and Adjudication of Dispositive Motion, we stated that we would also seek dismissal of Count Two of the complaint (alleging a taking of property without just compensation) as to all plaintiffs, for failure to state a claim upon which relief can be granted. In its November 15, 2006 Order, the Court lifted the stay for all purposes, but also stated that the Court "deem[ed] that the jurisdictional issues only should be addressed." For this reason, the present motion is limited to the statute of limitations issue, which is jurisdictional. We reserve the right to file a separate dispositive motion concerning the merits of Count Two, and any other non-jurisdictional issues, at a later time.

[2] For the purposes of this motion only, the factual allegations contained in the complaint will be treated as true.

[3] If the Court concludes that the untimeliness of the claims in question is not sufficiently evident upon the face of the pleadings, the Court may properly consider the attached correspondence pursuant to Rule 12(c), which provides:

(continued...)

DEFENDANT'S BRIEF

Nature Of The Case

Plaintiffs allege that they are property owners who entered into loan agreements with the Farmers Home Administration, United States Department of Agriculture ("FmHA"),[4] pursuant to sections 515 and 521 of the Housing Act of 1949, 42 U.S.C. § 1485, 1490a, to provide rental housing for low- and moderate-income persons. Complaint ¶¶ 1, 19. Plaintiffs allege that the Government breached these agreements, or effected a taking of plaintiffs' property without just compensation, through the enactment and implementation of two statutes: the Emergency Low Income Housing Preservation Act, Pub. L. No. 100-242, 101 Stat. 1877 (1988) ("ELIHPA"), and the Housing and Community Development Act of 1992, Pub. L. No. 102-550, 106 Stat. 3672 (1992) ("the 1992 Act").

Specifically, loan agreements contained various provisions designed to ensure the low-income affordability of the projects. These provisions included restrictions as to the tenants to whom the plaintiffs could rent, the rents plaintiffs could charge, and the profits plaintiffs could receive, as well as requirements regarding the maintenance and financial operations of each

---

[3](...continued)

> If, on a motion for judgment on the pleadings, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by RCFC 56.

[4] The Rural Housing Service is the successor agency to the Farmers Home Administration. For purposes of this brief, "FmHA" refers to the Farmers Home Administration or the Rural Housing Service, where appropriate.

project. Complaint ¶ 17. In connection with these loan agreements, each plaintiff executed a promissory note and real estate mortgage. Complaint ¶ 18. According to plaintiffs, these documents also provided plaintiffs with the option of prepaying their mortgages, and thereby discontinuing the low-income affordability restrictions, at any time, Complaint ¶¶ 21-22, except that, in the case of loans into which plaintiffs entered after December 21, 1979, plaintiffs were required by the terms of the loan documents to maintain the low-income affordability of the housing for a 20 year period following the date of the loan. Complaint ¶ 7.

Plaintiffs complain that ELIHPA amended the Housing Act of 1949 to place restrictions upon the prepayment options available to housing project owners who had entered into mortgages prior to December 21, 1979, Complaint ¶ 26, and that the 1992 Act extended these prepayment restrictions to loans made after that date. Complaint ¶ 31. Plaintiffs allege that this legislation repudiated the purported right of these FmHA loan program participants to prepay their loans and "terminate" their loan agreements at any time. Complaint ¶¶ 24, 31, 39. In Count One of their complaint, plaintiffs assert a claim for breach of contract, upon the theory that this legislation "anticipatorily repudiated the contract between the defendant and each of the plaintiffs," and that this "anticipatory repudiation has deprived and will deprive each plaintiff of its contractual right to terminate its contract at any time at its option . . . ." Complaint ¶ 50. In Count Two, plaintiffs allege that "defendant's conduct constitutes a taking of plaintiffs' properties for public use and requires payment to plaintiffs of just compensation under the Fifth Amendment to the U.S. Constitution." Complaint ¶ 53.

According to the complaint, however, all of the events that gave rise to the claims of plaintiffs Park Terrace and Mullica occurred well in excess of six years before the complaint was filed. The claims of these plaintiffs, therefore, are time-barred.

ARGUMENT

One of the jurisdictional prerequisites for suit in this Court is that the suit be filed within six years of the accrual of the claim asserted. "Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. As the United States Court of Appeals for the Federal Circuit has observed:

> Section 2501 constitutes a jurisdictional limit on the authority of the Court of Federal Claims. In Caguas Central Federal Savings Bank v. United States, we explained why this is so: "[I]n the Court of Federal Claims, the statute of limitations is jurisdictional, because filing within the six-year period was a condition of the waiver of sovereign immunity in the Tucker Act." . . .

Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir.2002), quoting Caguas Central Federal Savings Bank v. United States, 215 F.3d 1304, 1310 (Fed. Cir.2000).[5]

The principles governing the time of accrual of the claims in this case were addressed by the Supreme Court in Franconia Associates v. United States, 536 U.S. 129 (2002). In Franconia, the Supreme Court reversed the decisions of this Court and of the Federal Circuit (which had held that the plaintiffs' claims accrue upon the enactment of ELIHPA), and stated: "Unless

[5] Although the statute of limitations is jurisdictional, some of the decisions of this Court and the United States Court of Appeals for the Federal Circuit state that failure to state a claim rather than lack of subject matter jurisdiction is the more appropriate ground for dismissal based upon the statute of limitations. Grass Valley Terrace v. United States, 69 Fed. Cl. 341 (2005), and cases cited therein at 345-48.

petitioners treated ELIHPA as a present breach by filing suit prior to the date indicated for performance, breach would occur when a borrower attempted to prepay, for only at that time would the Government's responsive performance become due." Id. at 143 (footnote omitted). Further, although the Supreme Court's analysis of the statute of limitations issue focused upon the breach of contract claims, the Court reached the same conclusion with respect to the takings claims, stating:

> [W]e need not separately address petitioners' alternative theory of recovery based on the Takings Clause of the Fifth Amendment. The Federal Circuit's holding that takings relief was time barred hinged entirely on its conclusion that petitioners' contract claims accrued upon passage of ELIHPA. See 240 F.3d, at 1365-1366. Because that conclusion was incorrect, we hold, the Federal Circuit erred in dismissing petitioners' takings theory on grounds of untimeliness.

536 U.S. at 149.

Elsewhere in the same opinion, a breach of contract is described as occurring "when a borrower tenders prepayment and the Government then dishonors its obligation to accept the tender and release its control over use of the property that secured the loan." Id. at 133. This does not mean, however, that the borrower's attempt to prepay must take the form of mailing a check or otherwise physically transmitting the outstanding balance of the loan in order to trigger the running of the statute of limitations. According to plaintiffs' theory of the case, as reflected in the complaint, their submission of a prepayment requests triggered the Government's obligation to perform, and the Government's refusal to accept these requests to prepay constituted a breach of contract and a taking of property. See Complaint ¶¶ 41-48. Further, as plaintiffs themselves put it:

> The Government's repudiation does not constitute a failure to carry out any immediate duty of present performance unless and until the date of Government performance required by each contract arrives, i.e., the date that any FmHA contract holder would have achieved its option of terminating its contract but for the Government's repudiation. . . .

Complaint ¶ 39. "The Government's anticipatory repudiation constitutes a breach of each plaintiff's contract as of the date of Government performance required by each contract, i.e., the date that each plaintiff would terminate its contract but for the Government's repudiation." Complaint ¶ 50. "As of the date of Government performance required by each contract entered into between defendant and the plaintiffs, defendant's conduct constitutes a taking of plaintiffs' properties for public use . . . ." Complaint ¶ 53.

In the case of Park Terrace and Mullica, the complaint itself indicates that the date of the Government's alleged obligation to perform occurred by 1992, 15 years before the commencement of this action. Thus, with respect to Park Terrace, plaintiffs allege:

> In or about 1992, the Government, aware that contractually the partnership had the unfettered right to prepay its loan, informed the partnership that notwithstanding its unfettered right to prepay the FmHA would never approve prepayment, and urged the partnership that it should settle for "incentives." The partnership, under duress and otherwise by reason of the wrongdoing of the Government, accepted "incentives" and obligated itself to a 20 year period in which it agreed not to take the project out of the program.

Complaint ¶ 11.2. The complaint makes the identical allegation with respect to Mullica, except that the same events are alleged to have occurred in 1991. Complaint ¶ 11.4. Although the complaint does not expressly state that Park Terrace and Mullica each submitted a prepayment application prior to being offered incentives to remain in the program, such an allegation is implicit in the allegation that incentive offers were made, for two reasons. First, as plaintiffs

allege in paragraph 41 of the complaint, such incentive offers were made to those plaintiffs who applied to prepay ("certain of the plaintiffs have submitted applications for prepayment and/or an offer of 'incentives' from the Government. The Government has in every instance refused to accept prepayment from plaintiffs pursuant to the provisions of their contracts"). Complaint ¶ 41. Second, the applicable regulations do not provide for incentive offers except in response to prepayment requests. See 7 C.F.R. § 1965.90(b)(1) (1992), and Exhibit E, to subpart B, referenced therein.

Moreover, even if the complaint does not expressly and unequivocally state that Park Terrace and Mullica submitted prepayment requests by 1992, the fact is that they did so. Park Terrace initially applied to prepay by letter dated November 18, 1991. Def. App. 1. By letter of April 14, 1992, Park Terrace requested reinstatement of its prepayment application. Def. App. 2. By letter of June 23, 1992, the Government made an incentive offer to Park Terrace. Def. App. 3. By letter of September 1, 1992, the Government increased the amount of the incentive offer. Def. App. 4. By letter of September 23, 1992, Park Terrace accepted the September 1, 1992 offer. Def. App. 5. Mullica initially applied to prepay by letter dated October 11, 1988. Def. App. 6. By letter of March 14, 1991, the Government made an incentive offer to Mullica. Def. App. 7. By letter of the same date, Mullica accepted the March 14, 1991. Def. App. 8.

If, as plaintiffs allege, the Government "refused to accept prepayment from plaintiffs pursuant to the provisions of their contracts," Complaint ¶ 41, this refusal established an immediate breach for statute of limitation purposes. Franconia, 536 U.S. at 142-43 ("Once the Government's pledged performance is properly comprehended as an obligation to accept prepayment, the error in the Federal Circuit's reasoning becomes apparent. Failure by the

promissor to perform at the time indicated for performance in the contract establishes an immediate breach").[6] The allegations in the complaint concerning the Government's refusal to accept prepayment from Park Terrace and Mullica, and concerning their acceptance "under duress" of incentives to remain in the FmHA loan program in lieu of prepayment, indicate that the events that triggered the running of the statute of limitations on these plaintiffs' breach of contract and takings claims occurred in 1991 and 1992. If the complaint leaves any room for doubt in the matter, that doubt is eliminated by the correspondence in the attached appendix.

CONCLUSION

For the foregoing reasons, the claims of plaintiffs Park Terrace and Mullica should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

[6] We note that, in referring to an "obligation to accept prepayment" and an "immediate breach," the Supreme Court was not addressing the merits of the claim. The merits – including the question whether ELIHPA was inconsistent with any contractual rights – were not before the Supreme Court, and were not decided by that court.

OF COUNSEL
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

Alicia Peden
Office of General Counsel
Department of Agriculture

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

November 16, 2006

# Appendix

JCH
CEC

**BALA REALTY**

RYDAL SQUARE - SUITE 216
500 OLD YORK ROAD, JENKINTOWN, PA 19046

TELEPHONE: (215) 572-2440
FAX: (215) 572-2445

November 18, 1991

NOV 19 1991

Mr. Jack Kauffman
Assistant District Director
Farmers Home Administration
850 North 5th Street
Allentown, PA 18102

RE: Park Terrace Apartments
Borough of Mohnton
Berks county, Pennsylavania

Dear Mr. Kauffman:

This letter will serve as a request to pay off the remaining mortgage balance for the above referenced property.

Please contact me at your earliest convenience to review what procedure should be followed regarding the payoff of the mortgage.

I look forward to hearing from you.

Sincerely,

Bart J Axelrod

Bart J. Axelrod, President
Bala Realty Advisors, Inc.,
General Partner of Park Terrace Investors

CERTIFIED MAIL
RRR # P 054 669 854

APR 17 1992

# BALA REALTY

RYDAL SQUARE - SUITE 216
500 OLD YORK ROAD, JENKINTOWN, PA 19046

TELEPHONE: (215) 572-2440
FAX: (215) 572-2445

April 14, 1992

Mr. Jack Kauffman
Assistant District Director
FmHA
850 North Fifth Street
allentown, PA 18102

RE: Park Terrace Limited

Dear Jack:

Please reinstate our application for pre-payment of Park Terrace Limited.

Thank you.

Sincerely,

Andrea J. McMurtrie

Andrea J. McMurtrie
Director of Real Estate

AJM/se

United States Department of Agriculture

Farmers Home Administration

850 North Fifth Street
Allentown, PA 18102
215-770-0575
FAX 215-770-1912

Bala Realty
Rydal Square, Suite 216
500 Old York Road
Jenkintown, PA 19046

June 23, 1992

Attention: Andrea McMurtrie

Re: Park Terrace Limited

Dear Ms. McMurtrie:

In conjunction with your prepayment request, we are making you, as General Partner for Park Terrace Limited, a one-time offer of an equity loan in the amount of $769,400.00 as an incentive to keep Park Terrace in low income housing.

This offer is subject to appropriation limitations and actual receipt of this incentive may not be forth coming in this fiscal year.

A waiting list in maintained at our National Office, based on the date of the original, complete prepayment request.

Any agreement entered into to accept this incentive will require you to sign a restrictive-use provision obligating the housing to the low-moderate income program for 20 years.

You have 30 days from the date of this notice to accept this offer. If you do not respond within 30 days, the offer will be voided.

This offer, if accepted and approved, may necessitate a request for a rent increase. This request will be handled the same as a regular rent increase request and approval will not be automatic.

If you have any questions, please feel free to call our office at 215-770-0575.

Sincerely,

Jack E. Kauffman
Assistant District Director

JEK/yc



Farm[illegible]s H[illegible]me Administration is [illegible] Eq[illegible]l Opportunity Lender.
Complain[illegible] of discrimination should [illegible] sent to:
[illegible]

SEP 18 1992

United States Department of Agriculture

Farmers Home Administration

850 North Fifth Street
Allentown, PA 18102
215-770-0575
FAX 215-770-1912

Bala Realty
500 Old York Road - Suite 216
Jenkintown, PA 19046

September 1, 1992

Attention: Bart Axelrod

Re: Park Terrace Limited

Dear Mr. Axelrod:

We have reevaluated our offer for an equity loan for Park Terrace Limited. We have increased the offer to $925,000.00, subject to an appraisal of the property.

This offer is subject to appropriation limitations and may not be forth coming in this fiscal year. This offer is subject to the same limitations as our last letter on the subject, dated June 23, 1992.

You have 30 days from the date of this letter to accept this offer. If you do not respond within 30 days, this offer will be voided.

If you have any questions, please feel free to call our office at 215-770-0575.

Sincerely,

Sharon Ferraro for
Jack E. Kauffman
Assistant District Director

JEK/yc

cc: Gary Rothrock, State Office

Larry Segal, Park Terrace Limited
P.O. Box 38
Mohnton, PA 19540

The terms of the above letter are accepted and agreed to this 16th day of September, 1992 with full authority of the partners of Park Terrace Limited.

Bart J. Axelrod
Bart J. Axelrod

4

JEK
CEC

SEP 28 1992

BALA REALTY

RYDAL SQUARE - SUITE 216
500 OLD YORK ROAD, JENKINTOWN, PA 19046

TELEPHONE: (215) 572-2440
FAX: (215) 572-2445

September 23, 1992

Acceptance of offer

Mr. Jack E. Kauffman
Assistant District Director
Farmers Home Administration
850 North Fifth Street
Allentown, PA. 18102

Dear Mr. Kauffman:

This letter will serve to notify you that we hereby withdraw our appeal from your offer of an equity loan that was tendered by you on June 23, 1992 for Park Terrace Limited. We have subsequently accepted your proposal of September 1, 1992.

I have full authority to bind the partners of Park Terrace Limited.

Very truly yours,

Bart J Axelrod

Bart Axelrod

OCT 12 1988

**Bala Realty Advisors, Inc.**
One Bala Avenue, Bala Cynwyd, Pennsylvania 19004 □ (215) 664-8475

October 11, 1988

Mr. Ernest Grunow
Farmer Home Administration
P.O. Box 366
Norma, New Jersey 08347

RE: Mullica West Apartments
Harrison Township
Gloucester City, New Jersey

Dear Mr. Grunow:

This letter will serve as a request to pay off the remaining mortgage balance for the above referenced property.

Please contact me at your earliest convenience to review what procedure should be followed regarding this payoff of the mortgage.

I look forward to hear from you and I remain,

Very truly yours,

Larry A. Wanerman

LAW/mer

PO Box 366
Norma, NJ 08347
(609) 696-1330
FAX (609) 696-1775

March 14, 1991

Mr. Larry A. Wanerman
Bala Realty Advisors, Inc.
523 GSB Building
Belmont and City Line Avenues
Bala Cynwyd, PA 19004

RE: Mullica West Apartments

Dear Mr. Wanerman:

Based on the material submitted, it is the determination of Farmers Home Administration (FmHA) that you have demonstrated the ability to repay your loan in full. As a result of this ability, FmHA is offering a package of one-time incentives so that you may remain in the FmHA multiple family housing loan program in order to extend the low income use of the housing. The following incentives are hereby offered:

1. A subsequent loan for the equity in the project. The amount of this loan has been calculated to be $3,460,000.

2. Additional units of rental assistance will be provided to protect current tenants from displacement as a result of increased rents due to the above proposed equity loan. The number of additional units of rental assistance will be subject to tenant need and availability.

Appropriation limitations may restrict available incentives and a waiting list of prepayment requests will be maintained and authorized by the national office. Any agreement entered into to accept these one time incentives will require the signing of a restrictive-use provision obligating the housing to low and moderate income program for 20 years. In addition, you must convert your accounting system from DIAS (Daily Interest Accrual System) to PASS (Predetermined Amortization Schedule System). The package of incentives must be accepted or rejected with 30 days.

Should you have any questions on the above please contact this office. Please keep in mind that a reply is required within 30 days.

Sincerely,

Howard Henderson

HOWARD HENDERSON
District Director

cc: State Director, FmHA, Mt. Holly, NJ
Assistant Administrator, FmHA, National Office, Washington, DC

MULLICA WEST APARTMENTS

March 14, 1991

Dear Mr. Henderson:

We are in receipt of your letter dated March 14, 1991 concerning Mullica West Apartments (copy attached).

As general partners of the owning entity of this property we hereby agree and consent to the terms of the letter.

Looking forward to a continuing successful relationship.

Sincerely,

WAYNE GRIFFIN
General Partner
Mullica West Limited

BART J. AXELROD
President
Bala Realty Advisors, Inc.
General Partner
Mullica Investors