**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

TAMERLANE, LIMITED,
a limited partnership,
704 G East Main Street
Moorestown, New Jersey 08057

and

PARK TERRACE LIMITED,
a limited partnership,
P.O. Box #264
511 Grove Ave.
Mohnton, PA 19540

and

PARK TERRACE EAST LIMITED,
a limited partnership,
P.O. Box #264
511 Grove Ave.
Mohnton, PA 19540

and

MULLICA WEST LIMITED,
a limited partnership,
704 G East Main Street
Moorestown, New Jersey 08057

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 05-677C
(Judge Christine O.C. Miller)

**MOTION OF PLAINTIFFS, PARK TERRACE LIMITED AND MULLICA WEST LIMITED, TO STRIKE, IN PART, DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DISMISSAL FOR VIOLATION OF ORDER DATED MAY 18, 2007**

By Order dated May 18, 2007 at 18, the Court directed the parties "to submit briefs on [the Government's] alternative grounds for dismissal based on a failure to state a claim upon which relief can be granted. See Def.'s Br. filed November 16, 2006 at 1 n.1." On June 5, the Government filed a brief (the "June 5, 2007 Brief") which improperly re-argues issues already decided and which were not permitted to be briefed under the Order. The June 5, 2007 Brief should be stricken insofar as re-argues decided issues and addresses matters outside the scope permitted to be briefed under the Order.

**PLAINTIFFS' BRIEF**

The Government's November 16, 2006 Brief, referenced by the Court in the Order, acknowledged the Government's motion to dismiss was limited to the statute of limitations issue, an issue it asserted was of jurisdictional dimension. The Government "reserve[d] the right to file a separate dispositive motion concerning the merits of Count II, and any other non-jurisdictional issues at a later time." Id. at 1, n.1 (emphasis added).

It is helpful to summarize why the Government's motion to dismiss was limited to jurisdiction issues. A stay had previously been entered by the Court, at the request of the parties, to allow the parties to explore settlement. When settlement was not achieved, plaintiffs sought to have the cases referred to ADR. The Government, however, believed that the statute of limitations defense pleaded in the Government's answer with respect to the claims of two of the four partnerships -- Park Terrace Limited and Mullica West Limited -- involved jurisdictional issues that should be resolved by motion before damages could be addressed in ADR. (See Joint Status Report dated August 17, 2006, at 3). The Court lifted the stay to permit a motion to dismiss to be filed confined to the jurisdictional issues.

In fact, the Government's November 16, 2006 Brief recites precisely this background:

> In our Motion to Lift Stay for Purpose of Allowing Filing and Adjudication of Dispositive Motion, we stated that we would also seek dismissal of Count Two of the complaint (alleging a taking of property without just compensation) as to all plaintiffs, for failure to state a claim upon which relief can be granted. In its November 15, 2006 Order, the Court lifted the stay for all purposes, but also stated that the Court "deem[ed] that the jurisdictional issues only should be addressed." For this reason, the present motion is limited to the statute of limitations issue, which is jurisdictional. We reserve the right to file a separate dispositive motion concerning the merits of Count Two, and any other non-jurisdictional issues, at a later time.

See November 16, 2006 brief, note 1, page 1.

Since the Government's motion to dismiss was confined to the jurisdictional issues, the Order disposed of that motion. However, since Count II had not been addressed, the Court directed briefing on what the Court termed the "alternative ground for dismissal," Order at 18 -- the non-jurisdictional issue of the availability of relief with respect to the "takings claims" asserted in Count II.

The Government has now seized this occasion to <u>re-brief</u> an issue already decided, whether the statute of limitations has run with respect to the contract claims that the Court ruled in the Order were not barred by the statute of limitations. <u>This is entirely improper, and in fact is in violation of the direction for further briefing in the Order.</u>

## CONCLUSION

The Government's arguments in violation of the Order are presented on pages 1-3 of the June 5, 2007 Brief (the first three full paragraphs of the preliminary statement, together with footnotes), and on pages 3-6 in Section "I." Accordingly, these portions of the June 5, 2007 Brief should be stricken.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**
H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Plaintiffs and the Responding Parties on the Motion, Park Terrace Limited and Mullica West Limited

**Filed Electronically**

Dated: June 6, 2007

PHILADELPHIA\3203560\1 164980.000