**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et al., Plaintiffs, | : | No. 05-677C (Judge Christine O.C. Miller) |
| v. | : | |
| UNITED STATES OF AMERICA, Defendant. | : | |

**DECLARATION OF BART J. AXELROD PURSUANT TO RCFC 56(f)**

Bart J. Axelrod deposes and states as follows:

1. I am President of Bala Realty Advisors, Inc. ("Bala"), a general partner of Park Terrace Limited ("Park Terrace") and Mullica West Limited ("Mullica West") (collectively "Responding Plaintiffs"), two of the plaintiffs in these proceedings and the respondents on the motion of the United States of America to dismiss pursuant to RCFC 56. Bala has at all times relevant to the events in question been a general partner of Park Terrace and Mullica West. I am authorized to make this Declaration on behalf of each of Responding Plaintiffs, pursuant to RCFC 56(f), to secure discovery in order to oppose the motion of the defendant for summary judgment.

2. In December, 2006, I submitted declarations on behalf of Park Terrace and Mullica West in opposition to the defendant's motion for judgment on the pleadings, since converted to a motion for summary judgment. Those declarations set forth information to support the conclusion that neither Park Terrace nor Mullica West elected to accrue breach of contract claims and trigger the statute of limitations when they secured "incentives," in the form of equity loans, from the Farmers Home Administration ("FmHA" or the "Government").

3. The Government has used selective documents to support the pending motion. We seek discovery from the Government in the form of (a) production of the

Government's files concerning the incentive program generally (including its origin and administration); (b) production of the Government's files concerning the equity loans made to each of Responding Plaintiffs; and (c) the depositions of Howard Henderson and Ernest Grunow, officials of the FmHA in New Jersey with whom Mullica West dealt in connection with the Mullica West equity loan, and Jack Kauffman, an official of the FmHA in Pennsylvania with whom Park Terrace dealt in connection with the Park Terrace equity loan.

4. As to the breach of contract claims, Responding Plaintiffs seek this discovery for two reasons. My prior declarations were based upon my recollection of events which had previously taken place in the early 1990s. However, I believe that by seeing the Government's file, further factual specifics could be supplied by me to the Court to support our argument that there was no request for prepayment refused by the Government which triggered the statute of limitations. In addition, were Responding Plaintiffs permitted to conduct discovery and develop the record, counsel for Responding Plaintiffs could develop further facts to support the bases advanced by Responding Plaintiffs in their supplemental memorandum why the breach of contract claims did not accrue.

5. As to the alternative takings claim, Responding Plaintiffs seek the same discovery which could furnish additional facts to support their alternative claim that the equity loan process was intended by the Government to deprive Responding Plaintiffs of property rights.

6. To date, no discovery has been taken, and no voluntary disclosure has been made by the Government. Without discovery, our claims are in jeopardy of dismissal. Such discovery is therefore essential to allow Responding Plaintiffs to demonstrate that genuine issues of material fact exist and properly support their opposition to the pending motion for summary judgment.

7. The facts set forth herein are based upon my personal knowledge and are true and correct.

8. I understand that the statements made herein are made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

BART J. AXELROD

Dated: June 14, 2007

PHILADELPHIA\3217332\1 164980.000