IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST THAT THE COURT ALLOW DISCOVERY IN AID OF OPPOSING SUMMARY JUDGMENT

Pursuant to the Court's Order of June 15, 2007, defendant respectfully submits the following response to the request of plaintiffs Park Terrace Limited ("Park Terrace") and Mullica West Limited ("Mullica"), that the Court allow discovery in aid of opposing summary judgment.

DEFENDANT'S BRIEF

Preliminary Statement

The request of Park Terrace and Mullica for an opportunity to take discovery in aid of opposing summary judgment grows out of a motion for judgment on the pleadings that we filed in November 2006, in which we sought dismissal of the claims of these two plaintiffs upon the ground that these claims were barred by the statute of limitations. In that motion, we relied principally upon the allegations in the complaint. We noted, however, that if the Court were to conclude that the untimeliness of the claims in question was not sufficiently evident upon the face of the pleadings, the Court could properly consider the correspondence contained in the appendix to our motion, in which case the motion would be treated as one for summary judgment. See Defendant's Motion for Judgment on the Pleadings, Dismissing the Claims Of Park Terrace Limited and Mullica West Limited ("MJP") 1, n.1; RCFC 12(c), 56. We cited the

correspondence to confirm that "even if the complaint does not expressly and unequivocally state that Park Terrace and Mullica submitted prepayment requests by 1992, the fact is that they did so," MJP 7, that the Government offered certain incentives instead of allowing prepayment, and that the requests to prepay, offers of incentives, and acceptance of the incentives all occurred by 1992.

In their response to our motion, plaintiffs disputed the significance of the facts for which we cited the correspondence, but they did not dispute the facts themselves. Nor did they argue that they required discovery in order to dispute these facts or otherwise to respond to our motion. Indeed, they included in their response two declarations by Bart J. Axelrod, as president of a general partner of each plaintiff, attesting to Mr. Axelrod's view of the circumstances surrounding the prepayment requests and the incentives.

Pursuant to the Court's Memorandum Order and Opinion of May 18, 2007, we submitted a supplemental brief concerning our alternative ground for dismissal based upon a failure to state a claim upon which relief can be granted. In our supplemental brief, we cited no matters outside the pleadings. Plaintiffs responded with a brief entitled "Supplemental Memorandum of Plaintiffs, Park Terrace Limited and Mullica West Limited, in Opposition to Defendant's Motion to Dismiss" ("Plaintiffs' Opposition"), and a separate Declaration of Bart J. Axelrod Pursuant to RCFC 56(f) ("Rule 56(f) Declaration"). Here, for the first time, Park Terrace and Mullica attempt to demonstrate a need for discovery concerning the statute of limitations issue (despite their failure to do so prior to the Court's May 18, 2007 decision), and concerning the alternative ground for dismissal based upon failure to state a claim (despite the lack of any present basis for treating this defense as the subject of a motion for summary judgment). Plaintiffs have failed to

meet their burden of demonstrating that discovery pursuant to RCFC 56(f) is necessary or appropriate with respect to any pending motion. Plaintiffs' request for discovery pursuant to RCFC 56(f) should be denied.

ARGUMENT

A party seeking discovery pursuant to RCFC 56(f) must "'state with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials would help him in opposing summary judgment.'" Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996), quoting Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1443 (5th Cir. 1993); see also First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 265 (1967) (noting that Fed. R. Civ. P. 56(f) "provides for comparatively limited discovery for the purpose of showing facts sufficient to withstand a summary judgment motion").

This Court has adopted a five-part test for relief under RCFC 56(f), based upon precedent from other circuit courts:

> [T]he non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.

Theisen Vending Co. v. United States, 58 Fed. Cl. 194, 198 (2003); accord Chevron U.S.A., Inc. v. United States, 72 Fed. Cl. 817, 819 (2006); Jade Trading, LLC v. United States, 60 Fed. Cl. 558, 565 (2004). "The party 'may not simply rely on vague assertions that additional discovery

will produce needed, but unspecified, facts.'" Simmons Oil, 86 F.3d at 1144, quoting Securities & Exchange Comm'n v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir.1980), cert. denied, 449 U.S. 1082 (1981). "It is not enough simply to assert, à la Wilkins Micawber, that 'something will turn up.'" Simmons Oil, 86 F.3d at 1144.

Further, the party seeking discovery must demonstrate that the issues of material fact likely to be engendered by the discovery would be material to the grounds for the summary judgment motion actually filed. See Simmons Oil (affirming denial of the plaintiff's Rule 56(f) motion and affidavit because the motion focused upon the merits of the plaintiff's own claim rather than the statute of limitations issue raised in defendant's summary judgment motion). And, a request for discovery pursuant to Rule 56(f) is not appropriate at all in response to a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted. Chevron, 72 Fed. Cl. at 819-820. See Flowers v. United States, 75 Fed. Cl. 615, 628, 631 (2007) (denying plaintiff's Rule 56(f) request because defendant's dispositive motion sought dismissal of certain counts of the complaint pursuant to Rules 12(b)(1) and (6), and because information obtained through discovery would not raise a dispute over material facts underlying the portion of the motion seeking summary judgment); La Gloria Oil and Gas Co. v. v. United States, 72 Fed. Cl. 544, 579 (2006) (denying plaintiff's Rule 56(f) motion as to certain claims because they could be decided as a matter of law pursuant to Rules 12(b)(1) or 12(b)(6), and denying the motion as to "plaintiff's remaining claims because plaintiff fails to state with specificity what it expects to find").

Park Terrace and Mullica have not even come close to meeting their burden under Rule 56(f). It bears emphasis that Rule 56(f) is applicable here only to the extent that the Court

considers the correspondence that we submitted in connection with the statute of limitations issue, because only to that extent can our dispositive motion be considered a motion for summary judgment. In all other respects, we seek dismissal for failure to state a claim upon which relief can be granted. And, even with respect to the statute of limitations issue, plaintiffs have provided nothing more than a few examples of facts they speculate might be developed through discovery, and that might support certain contentions plaintiffs have previously asserted. Plaintiffs have not, however, demonstrated either a factual predicate for the belief that such discoverable facts exist, or that such fact would be material even if they did exist.

For example, plaintiffs argue:

> As the result of discovery, it could turn out the Government knew that the outcome of any "request for prepayment" was a foreordained denial, but nevertheless encouraged owners to go through the empty exercise of making a meaningless "application" to prepay – so that a piece of paper would be in its file. The fact issue is whether or not both the borrower and the Government considered this as a step to get the incentive loan and neither considered it a bona fide attempt to prepay.

Plaintiffs' Opposition 4-5 (footnote omitted). However, plaintiffs cannot claim that they require discovery to establish whether they considered their own prepayment requests bona fide. Further, whether "the outcome of any 'request for prepayment' was a foreordained denial" is legally immaterial to the question of when plaintiffs' claims accrued. The gist of plaintiffs' complaint is that the denial of prepayment requests was foreordained by the Emergency Low Income Housing Preservation Act, Pub. L. No. 100-242, 101 Stat. 1877 (1988) ("ELIHPA"), and that, for this reason, ELIHPA constituted a repudiation of plaintiffs' prepayment right. As we demonstrated in our previous briefs in this matter, under Franconia Associates v. United States, 536 U.S. 129 (2002), it is precisely the occurrence of the foreordained denial that converts a

claim for anticipatory breach of contract into a claim for an actual breach, and triggers the statute of limitations if the plaintiff did not file suit prior to the denial. Characterizations of the prepayment applications as an "empty exercise" or as "bona fide" have no bearing upon the time of accrual of plaintiffs' causes of action.[1]

Nor is there any merit to plaintiffs' contention that "as a result of discovery, it could turn out that the Government orchestrated what amounted to a coercive campaign to cause owners to unintentionally forfeit unborn breach of contract rights without knowledge of the consequences." Plaintiffs' Opposition 5. It is not clear what plaintiffs mean by "forfeit unborn breach of contract rights"; plaintiffs could have sued for breach of contract at any time from the alleged repudiation until six years after their request to prepay was denied, so their breach of contract rights were neither unborn nor forfeited. In any event, however, the factual scenario plaintiffs claim "could turn out" as a result of discovery would have no bearing upon the statute of limitations issue. The scenario would consist, essentially, of additional alleged assaults upon plaintiffs' contract rights prior to and during 1992.

Nor is there any merit to the reasons for discovery stated in the declaration of Mr. Axelrod. Indeed, the declaration consists largely of argument rather than facts, and the arguments add nothing to plaintiffs' brief. Further, as described by Mr. Axelrod, the objective of the requested discovery would be, essentially, to refresh Mr. Axelrod's memory concerning events of which he possesses, or once possessed, personal knowledge, and to enable plaintiffs to

---

[1] Under plaintiffs' reasoning, one could as easily argue that delivery of a check in the amount of the outstanding loan balance would be an "empty exercise" because rejection of the check would be "foreordained." The notion that the time of accrual of a cause of action depends upon the applicability of these labels is irreconcilable with Franconia.

buttress the testimony previously provided in the two declarations filed with plaintiffs' response to our motion for judgment on the pleadings. See Rule 56(f) Declaration ¶ 4. The declaration does not indicate particular material facts that plaintiffs expect to develop through discovery, but, rather, a hope that, through discovery, "something will turn up." Simmons Oil, 86 F.3d at 1144.

In sum, plaintiffs have failed to "state with some precision the materials [they hope] to obtain with further discovery, and exactly how [they expect] those materials would help [them] in opposing summary judgment." Id. Under criteria described in the above-cited cases, plaintiffs have utterly failed to justify relief under RCFC 56(f).

## CONCLUSION

For the foregoing reasons, the request of plaintiffs Park Terrace and Mullica for discovery in aid of opposing summary judgment should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

OF COUNSEL
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

Alicia Peden
Office of General Counsel
Department of Agriculture

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

June 20, 2007