**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

TAMERLANE, LIMITED, PARK TERRACE LIMITED, PARK TERRACE EAST LIMITED, and MULLICA WEST, LIMITED,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

No. 05-677C
(Judge Christine O.C. Miller)

**PLAINTIFFS' REQUEST FOR RCFC 16 CONFERENCE**

Plaintiffs, Tamerlane, Limited, and Park Terrace East Limited, only, respectfully request that the Court schedule an RCFC 16(b) pretrial conference in this action.

**PROCEDURAL BACKGROUND**

This case was filed almost two years ago, on June 22, 2005, when Plaintiffs, four limited partnerships owning Section 515 projects, sought relief for breach of contract and takings for the acts and conduct of the Farmers Home Administration ("FmHA"), an agency of Defendant, the United States of America (the "Government"), which prevented Plaintiffs from prepaying their mortgages and restricted use of their property.

After the case was filed, Plaintiffs and the Government filed a Joint Preliminary Status Report with the Court on November 9, 2005. The Court subsequently entered a Scheduling Order directing that in the event the parties did not jointly move the Court for a stay, the parties should propose a schedule for dispositive motions. Subsequent to this order, the parties jointly sought leave to stay the proceedings to explore the possibility of resolving the

claims. On January 3, 2006, the Court approved a joint request for a stay as to all four Plaintiffs, and, upon expiration of the first joint request, approved a second request.

When informal settlement efforts proved fruitless, plaintiffs sought to have the cases referred to Alternative Dispute Resolution ("ADR"). Other cases presenting similar issues have been pending in the Court's ADR program before Judge Marian Blank Horn. The Government, however, believed that the statute of limitations defense pleaded in the Government's answer with respect to the claims of two of the four partnerships -- Park Terrace Limited and Mullica West Limited -- involved "jurisdictional" issues that should be resolved by motion before damages could be addressed in ADR. (See Joint Status Report dated August 17, 2006, at 3.)

On October 10, 2006, the Government moved to lift the stay as to Park Terrace Limited and Mullica West Limited so as to file a motion contesting subject matter jurisdiction. Plaintiffs opposed the motion to lift the stay, on the grounds that all the cases should instead be referred to ADR, where the Government's jurisdiction defenses would be one factor to be evaluated as to the two partnerships where the Government had raised that issue. Alternatively, Plaintiffs requested that the Court establish a pre-trial schedule for all the claims.

On November 15, 2006, the Court lifted the stay and permitted the government to file its contemplated motion to dismiss raising the jurisdictional issues applicable to the claims of the two partnership plaintiffs, Park Terrace Limited and Mullica West Limited, where the statute of limitations issue had been raised.

The parties have been addressing the jurisdictional motion raised by the Government. On November 16, 2006, the Government filed a Motion for Judgment on the Pleadings as to Park Terrace Limited and Mullica West, Limited. On December 18, 2006,

Responding Plaintiffs filed their brief in opposition to the Government's motion. Oral argument was conducted on the Government's motion on January 25, 2007.

Because the motion as filed was a motion for judgment on the pleadings, neither side engaged in discovery. Plaintiffs expected a ruling with the idea that discovery would go forward on all of the claims that survive, which would clearly be the most efficient way to proceed. For example, if the Government were to take the deposition of Bart Axelrod, it would clearly be most efficient to depose him once on all 4 claims.

But on May 18, 2007, the Court issued an Opinion, but no Order, which stated that the statute of limitations would bar the breach of contract claims of Park Terrace Limited and Mullica West, Limited until the twenty year restriction accompanying the award of "incentives" expired. However, a cause of action was not barred for the post-twenty year restriction period. The Court formally converted the Government's Motion for Judgment on the Pleadings into a Motion for Summary Judgment notwithstanding that the two plaintiffs affected had had no discovery at all on the fact issues involved. The Court also ordered the parties to file supplemental briefs on the takings claims of the two parties.

Instead, the Government filed a supplemental brief which also reargued the limitations question insofar as it did not prevail. Plaintiffs motion to strike that portion of its Brief was deferred by the Court. In their supplemental brief filed with the court on June 15, 2007, Park Terrace Limited and Mullica West Limited again urged the Court to permit discovery relevant to the issues raised in the converted Motion for Summary Judgment prior to further considering the Government's motion:

> Such discovery could vindicate the position of Responding Plaintiffs. For example, Responding Plaintiffs contend that the prepayment request was not genuine but merely a mechanical, "formalistic" gesture to secure incentives. As the result of discovery, it could turn out the Government knew that the outcome of any "request for prepayment" was a foreordained denial, but

> nevertheless encouraged owners to go through the empty exercise of making a meaningless "application" to prepay – so that a piece of paper would be in its file. The fact issue is whether or not both the borrower and the Government considered this as a step to get the incentive loan and neither considered it a bona fide attempt to prepay.

Plaintiffs' Supplemental Brief, filed June 25, 2007, at 4-5.

Park Terrace Limited and Mullica West Limited also filed a declaration with the Court pursuant to RCFC 56(f). (See Declaration of Bart J. Axelrod Pursuant to RCFC 56(f) (the "Axelrod Declaration") filed with the Court on June 15, 2007.) The Axelrod Declaration was filed to request discovery which is essential to allow Plaintiffs to demonstrate that genuine issues of material fact exist and properly oppose the Government's pending motion.[1] (See Axelrod Declaration at 3.) Park Terrace Limited and Mullica West Limited also sought leave to replead, should that prove necessary. On June 25, 2007, the Court issued an Order permitting Plaintiffs to take discovery on the claims of Park Terrace Limited and Mullica West Limited until August 15, 2007.

Although the Court has granted discovery to Park Terrace Limited and Mullica West, Limited, the issues before the Court as to these projects will require time to be sorted out. Following discovery, it is contemplated that each party will have to re-brief the Government's Motion. Moreover, depending on how the Court ultimately decides that pending Motion, there may be appeals which will further delay the case. It is time to recognize that the claims of Park Terrace Limited and Mullica West Limited are on a different time schedule and that it is unfair to

---

1 The discovery sought from the Government by Park Terrace Limited and Mullica West Limited with respect to the pending issues consists of (a) production of the Government's files concerning the incentive program generally (including its origin and administration); (b) production of the Government's files concerning the equity loans made to each of Responding Plaintiffs; and (c) the depositions of Howard Henderson and Ernest Grunow, officials of the FmHA in New Jersey with whom Mullica West dealt in connection with the Mullica West equity loan, and Jack Kauffman, an official of the FmHA in Pennsylvania with whom Park Terrace dealt in connection with the Park Terrace equity loan.

the two remaining partnerships, Tamerlane, Limited and Park Terrace East Limited, to have to stand still during this process. This request under RCFC 16 to schedule a pre-trial conference seeks to establish a schedule for the partnerships not affected by the "jurisdictional" motion practice, for both sides to complete discovery, exchange expert reports, and have the case trial ready.

## ARGUMENT

This matter is no longer stayed. The Court has ordered discovery on a limited basis for the claims of Park Terrace Limited and Mullica West Limited. Accordingly, the Court should issue a scheduling order for Tamerlane, Limited and Park Terrace East Limited, the additional plaintiffs not embroiled in motion practice. These additional plaintiffs are entitled to a full scheduling order, including dates for the conclusion of discovery, submission of expert reports, and trial readiness.

The rules of this Court dictate that a scheduling conference should be held at an early point in the case. One purpose of such a conference is to establish "early and continuing control so that the case will not be protracted because of lack of management." RCFC 16(a)(2). This conference is typically scheduled following the submission of the parties' Joint Preliminary Status Report. RCFC 16(b). Following this conference, or if none is held, after the entry of the Joint Preliminary Status Report, the Court "shall promptly enter the scheduling order called for by RCFC 16(b)." RCFC Appendix A ¶ 8. The scheduling order must limit the time to amend the pleadings, file motions and complete discovery. RCFC 16(b). Additionally, the scheduling order may specify the extent of discovery to be permitted, the date for pretrial conferences, dates for Memorandums of Contentions of Fact and Law, lists of exhibits and witnesses, joint stipulations by the parties, and a date for trial. RCFC 16(b); RCFC Appendix A ¶¶ 14, 15, 16, 17.

The stay contemplated by the Court's November 9, 2005 Scheduling Order has now been lifted. The Court has even entered an order permitting limited discovery for Park Terrace Limited and Mullica West Limited. Nonetheless, the parties have not filed any proposed schedule as contemplated by the Court in the November 9, 2005 Scheduling Order. There is no reason full discovery should not commence for Tamerlane, Limited and Park Terrace East. Nor is there any reason why these claims should not be given a date for trial.

Plaintiffs filed suit in this Court two years ago. The claims of Tamerlane, Limited and Park Terrace East are no closer to resolution, having become enmeshed in the delays attendant to the "jurisdictional" motion practice directed at the two remaining plaintiffs. Tamerlane, Limited and Park Terrace East submit that a schedule should be established to put their claims in a position to be tried at an early time. Plaintiffs respectfully request that the court schedule a conference pursuant to RCFC 16(b), with the parties required to meet and confer prior to the scheduled conference on a pre-trial schedule to adjudicate the Tamerlane, Limited and Park Terrace East claims, including dates for completion of any necessary discovery, filing of motions for summary judgment, and the exchange of expert reports.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court enter an order scheduling a pretrial conference under Rule 16(b) and requiring the parties to meet and confer prior to the scheduled conference on a pre-trial schedule to adjudicate the Tamerlane, Limited and Park Terrace East claims, including dates for completion of any necessary discovery, filing of motions for summary judgment, and the exchange of expert reports.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**
H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Plaintiffs, Tamerlane Limited, Park Terrace Limited, Park Terrace East Limited and Mullica West Limited

**Filed Electronically**

Dated: June 28, 2007

PHILADELPHIA\3219814\2 164980.000