IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST TO REQUIRE PRODUCTION OF SETTLEMENT AGREEMENT IN CONNECTION WITH PENDING OCTOBER 23, 2007 CASE MANAGEMENT CONFERENCE

Plaintiffs have requested that the Government be required to produce what they refer to as "the Franconia settlement" in preparation for a scheduled case management conference in this case. Plaintiffs appear to have confused Franconia Associates v. United States, No. 97-381C (Fed. Cl.) – a case that was not settled but was adjudicated after a trial – and several hundred other cases (none of which involved Franconia Associates) that were the subject of a settlement agreement signed in May 2007.

Production of the May 2007 settlement agreement is not appropriate. The settlement agreement is not subject to discovery, since it contains neither facts nor opinions, but terms negotiated by counsel for the parties in those cases to settle those cases. Further, production of this settlement agreement would provide plaintiffs in this case with an unfair advantage in negotiating a settlement in this case – an advantage which is implicit in the grounds they state in support of the request. Plaintiffs state that "having the settlement agreement will make the pending conference more productive by allowing Plaintiffs to evaluate whether . . . Plaintiffs might be willing to accept the Franconia settlement paradigm." Request 2. In a footnote to this statement, plaintiffs assert that there are certain differences between the properties involved here

and those involved in the May 2007 settlement which might require certain changes in he parameters of that settlement. The nature of the differences plaintiffs identify indicate that plaintiffs contemplate changes that would generate greater damages than would result absent these changes. It is apparent, therefore, that plaintiffs see the May 2007 settlement – which was the culmination of extensive bargaining between the parties to that settlement – as a mere starting point for bargaining in this case. Production of the May 2007 settlement would allow plaintiffs in this case to attempt to pocked the concessions made by the Government in that settlement and extract additional concessions in this case. And, at a minimum, production of this agreement would disclose to plaintiffs in this case the concessions the Government was willing to make in related cases, without any reciprocal disclosure by the plaintiffs.

Finally, since the May 2007 settlement agreement is not binding upon either party in this case, it is not useful as a model for settling this case unless all parties agree that it should serve as a model. We do not preclude the possibility that, in the course of any future settlement negotiations in this case, we might provide plaintiffs with a copy of the May 2007 settlement agreement for this purpose. Any use of the agreement for this purpose, however, must be by the mutual consent of the parties in this case. Neither such use, nor the production of the May 2007 settlement agreement for the purpose of such use, should be directed by the Court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

OF COUNSEL

Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

Alicia Peden
Office of General Counsel
Department of Agriculture

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

October 18, 2007