IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFFS'
PROPOSED FINDINGS OF UNCONTROVERTED FACT

Pursuant to Rule 56(h)(2) of the Rules of this Court, defendant, the United States, respectfully responds to plaintiff's proposed findings of uncontroverted fact as follows:

1. The relevant facts concerning the background of the Section 515 housing program, the enactment by Congress of the statutes restricting prepayment of loans, the administration of the Section 515 housing program subsequent to the enactment of that legislation, and the breach of contract by the Government by reason of the abrogation of the right of prepayment contained in the decisions of Allegre Villa v. United States, 60 Fed. Cl. 11 (2004), and Franconia Associates v. United States, 61 Fed. C1. 718 (2004), are true and correct.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1) in material respects. Rule 56(h) sets forth procedures that "shall be followed with respect to motions for summary judgment." Rule 56(h)(1) provides:

> The moving or cross-moving party shall file, together with its motion, a separate document titled Proposed Findings of Uncontroverted Fact. This document shall contain concise, separately numbered paragraphs setting forth all of the material facts upon which the party bases its motion and as to which the party believes there is no genuine dispute. Each paragraph shall contain citations to the opposing party's pleadings or to

> documentary evidence, such as affidavits or exhibits, filed with the motion or otherwise part of the record in the case.

RCFC 56(h)(1) (emphasis added). This proposed finding does not set forth any material facts, but, instead, contains conclusions of law and characterizations of unspecified facts attributed to the referenced decisions. Additionally, this proposed finding contains no citations to defendant's pleadings or to any evidence. It merely contains assertions devoid of any supporting references. To the extent that this proposed finding may be deemed to require any further response, it is disputed.

2. Exhibits A-D to the Declaration of Bart J. Axelrod in support of Park Terrace East's Motion for Partial Summary Judgment are true and correct copies of the operative documents with respect to the 1981 Park Terrace East loan with the FmHA.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1), in that it does not set forth any material facts, but, instead, contains characterizations of certain exhibits offered by plaintiffs as evidence of unspecified facts. To the extent that this proposed finding may be deemed to require any further response, it is disputed, except that we do not dispute that the referenced exhibits are true and correct copies of certain operative documents pertaining to the referenced loan.

3. Park Terrace East was able to secure financing to prepay its loan, and to convert its property to commercial multi-family residential housing at market rate rentals, at the time of the inception of suit in June 2005.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1) in material respects, in that it contains no citations to defendant's pleadings or to any evidence. It merely contains assertions devoid of any supporting references. To the extent that this proposed finding may be deemed to require any further response, it is disputed.

4. Exhibits A-J to the Declaration of Bart J. Axelrod in support of Tamerlane's Motion for Partial Summary Judgment are true and correct copies of the operative documents with respect to the 1980-1981 Tamerlane loans with the FmHA.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1), in that it does not set forth any material facts, but, instead, contains characterizations of certain exhibits offered by plaintiffs as evidence of unspecified facts. To the extent that this proposed finding may be deemed to require any further response, it is disputed, except that we do not dispute that the referenced exhibits are true and correct copies of certain operative documents pertaining to the referenced loans.

5. Exhibits K-M to the Declaration of Bart J. Axelrod in support of Tamerlane's Motion for Partial Summary Judgment are true and correct copies of the operative documents with respect to the 2002 Tamerlane equity loan with the FmHA.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1), in that it does not set forth any material facts, but, instead, contains characterizations of certain exhibits offered by plaintiffs as evidence of unspecified facts. To the

extent that this proposed finding may be deemed to require any further response, it is disputed, except that we do not dispute that the referenced exhibits are true and correct copies of certain operative documents pertaining to an equity loan received by Tamerlane in 2002.

6. Tamerlane was able to secure financing to prepay its loan, and to convert its property to commercial multi-family residential housing at market rents at the time of the inception of suit in June 2005. Tamerlane had demonstrated its ability to prepay and convert prior to the Government extending an equity loan to Tamerlane.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1) in material respects, in that it contains no citations to defendant's pleadings or to any evidence. It merely contains assertions devoid of any supporting references. To the extent that this proposed finding may be deemed to require any further response, it is disputed.

7. Tamerlane's acceptance of an equity loan incentive did not operate as a voluntary agreement by Tamerlane to accept substituted performance and to relinquish any legal rights to assert claims by reason of the Government's wrongful breach of contract, inter alia, because the Government's breach of contract, which created economic hardship to Tamerlane and its partners, left no alternative available to attempt to relieve that harm.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1) in material respects, in that it sets forth conclusions of law rather than material facts, and in that it contains no citations to defendant's pleadings or to any evidence. It merely

contains assertions devoid of any supporting references. To the extent that this proposed finding may be deemed to require any further response, it is disputed.

8. In connection with the equity loan transaction, no agreement was reached for Tamerlane to relinquish any legal rights to assert claims by reason of the Government's breach.

Response:

Defendant objects to this proposed finding upon the ground that it fails to comply with RCFC 56(h)(1) in material respects, in that it sets forth conclusions of law rather than material facts, and in that it contains no citations to defendant's pleadings or to any evidence. It merely contains assertions devoid of any supporting references. To the extent that this proposed finding may be deemed to require any further response, it is disputed.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

January 16, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of January, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**