**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TAMERLANE, LIMITED, PARK TERRACE LIMITED, PARK TERRACE EAST LIMITED, and MULLICA WEST, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-677C<br>(Judge Christine O.C. Miller) |

**MOTION OF PLAINTIFFS, TAMERLANE, LIMITED AND PARK TERRACE EAST LIMITED, TO COMPEL THE GOVERNMENT TO ANSWER INTERROGATORIES**

This motion is respectfully submitted by Moving Plaintiffs, Tamerlane, Limited ("Tamerlane") and Park Terrace East Limited ("Park Terrace East") (collectively "Moving Plaintiffs"), pursuant to RCFC 33(b)(5) and RCFC 37(a)(2)(B), for an order to compel Defendant, the United States of America ("the Government"), to provide full and substantive answers to the Contention Interrogatories of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited. In support of this Motion, Moving Plaintiffs rely on the accompanying memorandum of law and appendix, containing the Certification of David M. Doret (the "Doret Cert."), with exhibits.

WHEREFORE, Moving Plaintiffs respectfully request that the Court grant their motion and issue an order compelling the Government to provide full and substantive answers to the Contention Interrogatories of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**
H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Moving Plaintiffs, Tamerlane, Limited and Park Terrace East Limited

**Filed Electronically**

Dated: February 1, 2008

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAMERLANE, LIMITED, PARK TERRACE LIMITED, PARK TERRACE EAST LIMITED, and MULLICA WEST, LIMITED, | : | No. 05-677C<br>(Judge Christine O.C. Miller) |
| Plaintiffs, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS, TAMERLANE, LIMITED AND PARK TERRACE EAST LIMITED, TO COMPEL THE GOVERNMENT TO ANSWER INTERROGATORIES**

This Memorandum of Law is respectfully submitted by Moving Plaintiffs, Tamerlane, Limited ("Tamerlane") and Park Terrace East Limited ("Park Terrace East") (collectively "Moving Plaintiffs"), in support of their motion, pursuant to RCFC 33(b)(5) and RCFC 37(a)(2)(B), for an order to compel Defendant, the United States of America ("the Government"), to provide full and substantive answers to Moving Plaintiffs' Contention Interrogatories of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited (the "Interrogatories").

**STATEMENT OF THE CASE**

This suit relates to loan transactions provided for under Section 515 of the Housing Act of 1949, later codified at 42 U.S.C. § 1485 (2000). The loan program was administered by the Farmers Home Administration ("FmHA"), a division of the Department of Agriculture.

In 1987, Congress enacted the Emergency Low Income Housing Preservation Act of 1987, codified as amended 42 U.S.C. § 1472(c) (2000) and 12 U.S.C. § 17151 (2000) ("ELIHPA"), which amended the Section 515 program by retroactively imposing restrictions on the prepayment of mortgages entered into before December 21, 1979. The court in Franconia v. United States, 61 Fed. Cl. 718 (2004), held that ELIHPA effectively repudiated the prepayment provisions of those loan agreements, because borrowers essentially had no meaningful opportunity to prepay.

**The Present Motion**

On November 14, 2007, the Government took the deposition of Bart J. Axelrod, the representative of the general partners of both Moving Plaintiffs. The deposition had originally been scheduled to take place on October 31, 2007, but at the request of the Government, and as an accommodation to opposing counsel, Moving Plaintiffs agreed to allow the deposition to take place after the close of discovery. See Appendix ("App.") at 1.

During the deposition on November 14, counsel for the Government repeatedly questioned Mr. Axelrod as to whether or not the claimants had attempted prepayment. App. at 1. This suggested that conditions might exist whereby the Government would permit prepayment of the loans. Id.

When faced with this line of inquiry, plaintiffs that same day promulgated interrogatories inquiring as to whether or not the Government contended that it would have permitted the prepayment. App. at 1. The Interrogatories sought the basis for any contention by the Government that Moving Plaintiffs might somehow prepay their loan and leave the FmHA program, notwithstanding the holding of Franconia that prepayment of the loans was effectively impossible. App. at 1, 4-6.

On December 17, 2007, the Government made the following objection to the Interrogatories:

> Defendant objects to this interrogatory upon the ground that it is untimely. By Order dated July 18, 2007, the Court directed that all fact discovery with respect to the claims of Tamerlane and Park Terrace East be completed by October 31, 2007. On that date, the Court issued an Order "Granting Defendant's Unopposed [54] Motion for Extension of Time to Complete Discovery insofar as the deposition of Bart Axelrod, President of Bala Realty shall be taken by November 14, 2007." No other requests for enlarging the time for fact discovery were granted or requested. constitutes [sic] fact discovery; it does not pertain to the opinions of experts, but, rather, to contentions relating to fact. Because this interrogatory was not served until November 14, 2007, it is untimely and in violation of the Court's Order of July 18, 2007.

App. at 10.

Counsel for the Government assured plaintiffs' counsel that it was not relying on that issue. In view of that representation, no motion to compel was filed. App. at 2. On January 16, 2008, the Government filed its summary judgment opposition and cross motion with the Court raising that issue. See Cross Mot. for Partial Summary Judgment and Opp. to Pl's Mot. for Partial Sum. Judgment as to Liability [Docket No. 63] at 5, 13.

In view of the position now taken by the Government, which is inconsistent with Mr. Brilliant's representation, it would be highly prejudicial to allow the Government to sandbag plaintiff this way and to allow it to make this argument if, as expected, the Government must concede it never would permit prepayment. App. at 2.

## ARGUMENT

### MOVING PLAINTIFFS ARE ENTITLED TO FULL ANSWERS TO THEIR INTERROGATORIES.

Moving Plaintiffs' Interrogatories are relevant and timely, and the basis for the Government's stated objection is specious. Interrogatories may relate to any subject matter that is reasonably calculated to lead to the discovery of admissible evidence. RCFC 33(c); RCFC 26(b)(1). There is no question that this standard is met. The Government's sole objection is that

the Interrogatories were untimely. But for the Government's own actions, however, the Interrogatories would have been served two weeks earlier, within the date contemplated by the Court's scheduling order, October 31, 2007.

The Government effectively concedes in its objection that the Interrogatories would have been proper if timely served. The date on which the parties originally scheduled Mr. Axelrod's deposition was October 31, 2007. App. at 1. The deposition date was changed as an accommodation to the Government's counsel, who advised that his schedule no longer allowed him to attend on that date. App. at 1. On November 14, 2007, during the rescheduled deposition, it became apparent that the Government was questioning whether Tamerlane could still prepay its loans. Id. Within hours, Moving Plaintiffs served the Government with their Interrogatories. Id.

Notwithstanding the fact that but for the scheduling change to accommodate the Government the Interrogatories would have been timely served, the Government now tries to sandbag Moving Plaintiffs. As a matter of fundamental fairness, Moving Plaintiffs are entitled to a response to the Interrogatories.

**CONCLUSION**

For the reasons stated above, pursuant to RCFC 33(b)(5) and RCFC 37(a)(2)(B), the motion to compel should be granted. Moving Plaintiffs respectfully request that the Court grant their motion and issue an order compelling the Government to provide full and substantive answers to the Interrogatories.

Respectfully submitted,

COZEN O'CONNOR

**s/ H. Robert Fiebach**
H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Moving Plaintiffs, Tamerlane, Limited and Park Terrace East Limited

**Filed Electronically**

Dated: February 1, 2008

PHILADELPHIA\3527825\2 164980.000

**IN THE UNITED STATES
COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TAMERLANE, LIMITED, PARK TERRACE LIMITED, PARK TERRACE EAST LIMITED, and MULLICA WEST, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 05-677C<br>(Judge Christine O.C. Miller) |

# APPENDIX

COZEN O'CONNOR

H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Moving Plaintiffs, Tamerlane, Limited and Park Terrace East Limited

# TABLE OF CONTENTS

Page

Certfication of David M. Doret ........ 01-02

Contention Interrogatories of Plaintiffs, Tamerlane, Limited , and Park Terrace East, Limited ........ 04 - 07

Defendant's Response to Contention Interrogatories of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited ........ 09-12

H. Robert Fiebach January 9, 2008 Letter ........ 14 - 15

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et al., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | : | No. 05-677C (Judge Christine O.C. Miller) |

**CERTIFICATION OF DAVID M. DORET**

David M. Doret deposes and states as follows:

1. On November 14, 2007, defendant ("the Government") took the deposition of Bart J. Axelrod, the representative of the general partners of Tamerlane Limited and Park Terrace East, Limited ("Moving Plaintiffs"). The deposition was originally scheduled to occur on October 31, 2007, but, as an accommodation to Shalom Brilliant, counsel for the defendant, Moving Plaintiffs agreed to allow the deposition to take place after the close of discovery.

2. During the deposition on November 14, 2007, counsel for the Government repeatedly questioned Mr. Axelrod concerning whether or not the claimants had attempted prepayment. This suggested that conditions might exist whereby FmHA would permit prepayment of the loans.

3. When faced with this line of inquiry, plaintiffs that same day promulgated interrogatories inquiring as to whether or not the Government contended that it would have permitted the prepayment. A true and correct copy of the Contention Interrogatories of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited (the "Interrogatories") is attached as Exhibit "A." The Interrogatories sought the basis for any contention by the Government that Moving Plaintiffs might somehow prepay their loan and leave the FmHA program,

notwithstanding the holding of Franconia that prepayment of the loans was effectively impossible.

4. On December 17, 2007, the Government objected that the Interrogatories were untimely. A true and correct copy of the Government's objection is attached as Exhibit "B."

5. Counsel for Moving Plaintiffs disagreed with the objection, and wrote a letter to opposing counsel in a good faith effort to resolve this issue without the need for motion practice. A true and correct copy of that letter is attached as Exhibit "C."

6. I am informed by Mr. Fiebach that, in a telephone conference held to try to resolve the objection, Mr. Brilliant assured plaintiffs' counsel that the Government would not be relying on that issue. In view of that representation, no motion to compel was filed.

7. On January 16, 2008, the Government filed its summary judgment opposition and cross motion raising that issue.

8. It would be highly prejudicial to allow the Government to sandbag Moving Plaintiffs this way and to allow it to make this argument if, as expected, the Government must concede it never would permit prepayment.

9. The facts set forth herein are true and correct to the best of my knowledge, information and belief.

10. I understand that the statements made herein are made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

David M. Doret / gmr
DAVID M. DORET

Dated: February 1, 2008

# Exhibit “A”

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et al., | : | |
| Plaintiffs, | : | No. 05-677C |
| | : | (Judge Christine O.C. Miller) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**CONTENTION INTERROGATORIES OF PLAINTIFFS,**
**TAMERLANE, LIMITED AND PARK TERRACE EAST, LIMITED**

PLEASE TAKE NOTICE that pursuant to RCFC 33, defendant, United States of America, is required to answer separately, fully, in writing and under oath the following Interrogatories of Tamerlane, Limited ("Tamerlane") and Park Terrace East, Limited ("Park Terrace East"). Pursuant to RCFC 26(e) the Interrogatories are deemed to be continuing in nature. If after the date of your answers, you learn of additional information requested in any Interrogatory, or if you learn that any answer is or has become incomplete or inaccurate, you shall promptly file and serve a supplemental answer or produce a supplemental document.

**DEFINITIONS AND INSTRUCTIONS**

1. "You" means the United States of America, or any agency or division thereof.

2. "And" and "or" each mean "and/or."

3. "Document" means the term document as defined in RCFC 34(a).

4. If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information, provide a privilege log setting forth the nature of the privilege and the date, time, and nature of the privileged information.

5. Identify, as to a person or entity, means to state the person's or entity's name and address, and the person's present or last known place of employment.

6. Identify, as to a document, means to state the type of document, its general subject matter, its date, the preparer, the recipients and its present custodian.

## INTERROGATORIES

**INTERROGATORY**

1. As to each of Tamerlane and Park Terrace East, state whether the Government contends that, at any time during the period from the expiration of the low income restrictive use provisions on each respective project through and including the present:

A. There was no further need for low income housing in the geographic area of the project such that the project need not have continued to remain subject to low income restrictive use provisions, and when the Government contends this would have been the case.

B. The Government upon application would have permitted prepayment of the loans to the partnership owing the project, and when the Government contends this would have been the case.

**ANSWER:**

**INTERROGATORY**

2. If your answer to Interrogatory 1 as to either or both projects is anything but an unqualified affirmative, set forth as to that project or projects each basis and each fact in support of that basis, and identify each supporting document, on which the Government relies to support its contention that:

A. There existed a further need for low income housing in the geographic area(s) of that project or projects such that the Government would have determined that the project(s) needed to remain subject to low income restrictive use provisions.

B. The preconditions to permit prepayment of the loan(s) to the partnership(s) owning that project or projects could not have been satisfied by the partnership(s).

**ANSWER**:

Respectfully submitted,

COZEN O'CONNOR

H. ROBERT FIEBACH, ESQUIRE
DAVID M. DORET, ESQUIRE
1900 Market Street
Philadelphia, PA 19103
Tel: (215) 665-4166
Fax: (215) 665-2013

Attorneys for Plaintiffs, Tamerlane, Limited and Park Terrace East Limited

Dated: November 14, 2007

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 14, 2007, he caused to be served a true and correct copy of the foregoing document by electronic mail and regular mail on the following:

Shalom Brilliant, Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

David M. Doret

PHILADELPHIA\3438381\1 164980.000

# Exhibit "B"

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
CONTENTION INTERROGATORIES OF PLAINTIFFS,
TAMERLANE, LIMITED AND PARK TERRACE EAST, LIMITED

Pursuant to Rule 33 of the Rules of United States Court of Federal Claims, defendant provides the following response to the contention interrogatories of Tamerlane, Limited ("Tamerlane") and Park Terrace East, Limited ("Park Terrace East").

INTERROGATORY NO. 1

1. As to each of Tamerlane and Park Terrace East, state whether the Government contends that, at any time during the period from the expiration of the low income restrictive use provisions on each respective project through and including the present:

A. There was no further need for low income housing in the geographic area of the project such that the project need not have continued to remain subject to low income restrictive use provisions, and when the Government contends this would have been the case.

B. The Government upon application would have permitted prepayment of the loans to the partnership owing the project, and when the Government contends this would have been the case.

RESPONSE

Defendant objects to this interrogatory upon the ground that it is untimely. By Order dated July 18, 2007, the Court directed that all fact discovery with respect to the claims of Tamerlane and Park Terrace East be completed by October 31, 2007. On that date, the Court issued an Order "Granting Defendant's Unopposed [54] Motion for Extension of Time to Complete Discovery insofar as the deposition of Bart Axelrod, President of Bala Realty shall be taken by November 14, 2007." No other requests for enlarging the time for fact discovery were granted or requested. constitutes fact discovery; it does not pertain to the opinions of experts, but, rather, to contentions relating to fact. Because this interrogatory was not served until November 14, 2007, it is untimely and in violation of the Court's Order of July 18, 2007.

INTERROGATORY NO. 2

If your answer to Interrogatory 1 as to either or both projects is anything but an unqualified affirmative, set forth as to that project or projects each basis and each fact in support of that basis, and identify each supporting document, on which the Government relies to support its contention that:

A. There existed a further need for low income housing in the geographic area(s) of that project or projects such that the Government would have determined that the project(s) needed to remain subject to low income restrictive use provisions.

B. The preconditions to permit prepayment of the loan(s) to the partnership(s) owning that project or projects could not have been satisfied by the partnership(s).

RESPONSE

Defendant objects to this interrogatory upon the ground stated in response to Interrogatory No. 1.

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

December 17, 2007

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 17th day of December 2007, I caused to be sent by United States mail (postage prepaid) a copy of "DEFENDANT'S RESPONSE TO CONTENTION INTERROGATORIES OF PLAINTIFFS, TAMERLANE, LIMITED AND PARK TERRACE EAST, LIMITED " addressed as follows:

H. Robert Fiebach, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Phyllis R. Becks

# Exhibit "C"

COZEN
O'CONNOR

A PROFESSIONAL CORPORATION

1900 MARKET STREET PHILADELPHIA, PA 19103-3508 215.665.2000 800.523.2900 215.665.2013 FAX www.cozen.com

January 9, 2008

**H. Robert Fiebach**
**Direct Phone 215.665.4166**
**Direct Fax 215.665-2013**
**rfiebach@cozen.com**

**VIA E-MAIL**

Shalom Brilliant, Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

Re: Tamerlane

Dear Shalom:

We acknowledge receipt of your objections to our contention interrogatories. We believe your objections are not well founded, and would like to resolve our differences before we seek the involvement of the Court.

Our interrogatories seek to have the Government flesh out the basis for any contention it might be making that the claimants would somehow be able to take actions which would result in the Government allowing them to take the property out of the program. These interrogatories, which were prepared and transmitted the very afternoon the deposition was taken, were inspired by your repeated questions to Bart Axelrod at his deposition on November 14, 2007 inquiring as to the basis for our position that we were prevented from prepaying the loan and taking the property out of the program. In that regard, please see the transcript of the deposition, at 60-65 (a copy of which is attached). There, you repeatedly inquired as to whether Mr. Axelrod was aware that conditions <u>could</u> or <u>might</u> exist in which the agency would permit prepayment.

As you will recall, Mr. Axelrod's deposition was scheduled by you on the eve of closing of the discovery on October 31, 2007. You then requested that the Government be allowed to take the deposition after discovery closed, to which we agreed. We agreed because your told us your schedule was impossible and you requested an extension as an accommodation to counsel. We did not anticipate that you would even use that professional courtesy against us

---

by arguing that discovery pursued as a result of your questioning that we were out of time. The questions asked at the deposition raised, for the first time, the issue of whether we might be allowed to prepay. We believe that it is unfair to have you raise issues after the close of discovery, and then preclude us from inquiring into the basis for your position. If you were given extra time to complete your discovery, concomitantly we would have extra time to take the discovery which your discovery instigates. As a matter of fundamental fairness, we would urge you to reconsider your position.

None of this is intended to detract from our position that the issue was decided in Franconia, where the Court, in finding that a breach occurred, concluded that the reality of the situation was that prepayment effectively would be impossible, even though the agency's regulations had words which "permitted" of that possibility.

Of course, if the Government is willing to consider allowing the properties to be withdrawn from the program as a basis for resolving the claims, please let us know at once. As we have discussed with you previously, we are entirely confident that our clients would resolve the case on this basis.

Please advise us without delay as to your position so we can proceed with a motion should that be necessary.

Sincerely,

COZEN O'CONNOR

By: H. Robert Fiebach

HRF:jss

cc: Mr. Bart Axelrod (w/encl.)

PHILADELPHIA\3497726\1 164980.000

**CERTIFICATE OF SERVICE**

I, David M. Doret, Esquire, hereby certify that a true and correct copy of the foregoing Motion of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited, To Compel the Government to Answer Interrogatories was filed with the court and served on opposing counsel via the ECF system on the 1st day of February, 2008.

s/ David M. Doret
David M. Doret, Esquire