IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO MOTION OF PLAINTIFFS, TAMERLANE, LIMITED AND PARK TERRACE EAST, LIMITED, TO COMPEL THE GOVERNMENT TO ANSWER INTERROGATORIES

Defendant, the United States, respectfully submits this response to the motion of plaintiffs Tamerlane, Limited ("Tamerlane") and Park Terrace East, Limited ("Park Terrace East"), to compel the Government to answer interrogatories.

By Order dated July 18, 2007, the Court directed that all fact discovery with respect to the claims of Tamerlane and Park Terrace East be completed by October 31, 2007. On that date, the Court issued an Order "Granting Defendant's Unopposed [54] Motion for Extension of Time to Complete Discovery insofar as the deposition of Bart Axelrod, President of Bala Realty shall be taken by November 14, 2007."

In the evening of November 14, 2007, after the completion of Mr. Axelrod's deposition, plaintiffs served upon the Government, electronically and by regular mail, a set of a set of interrogatories. The interrogatories did not pertain to the opinions of experts; rather, they concerning facts and contentions relating to fact. As such, they constituted fact discovery. Upon this basis, the government served a timely response objecting to the interrogatories as it is untimely and in violation of the Court's Order of July 18, 2007.

In their motion to compel, plaintiffs argue that "[b]ut for the government's own actions . . . , the Interrogatories would have been served two weeks earlier, within the date contemplated by the Court's scheduling order, October 31, 2007." Memorandum of Law in Support of Motion of Plaintiffs, Tamerlane, Limited and Park Terrace East, Limited, to Compel the Government to Answer Interrogatories ("Pl. Mem.") 4. Plaintiffs based this argument upon the contention that the interrogatories were triggered by certain questions Government counsel asked Mr. Axelrod in the latter's deposition on November 14, 2007, and that this deposition was rescheduled from October 31, 2007, to accommodate Government counsel. However, if the deposition had been conducted on October 31, 2007, as originally scheduled, and had the interrogatories in question been served on that date, they still would have been untimely. Under the Courts rules, a party is entitled to 30 days after service within which to respond to interrogatories. RCFC 33(b)(3). This means that, for discovery to be completed by a certain date, interrogatories must be served at least 30 days before that date. A party may not serve interrogatories on the date set for completion of discovery, and force the opposing party to prepare answers after the close of discovery. See Shell Petroleum, Inc. v. United States, 46 Fed. Cl. 583 (2000) ( motion to compel interrogatory answers denied based upon objection of untimeliness served within 30 days of service of the interrogatories, where the plaintiff served the interrogatories two days before the deadline for fact discovery).

Plaintiffs also attempt to fashion equitable grounds for requiring the Government to answer the interrogatories, but the purported grounds are specious. Plaintiffs allude to a telephone conversation between plaintiffs' counsel and Government counsel, in which, according to plaintiffs, Government counsel "assured plaintiffs' counsel that it was not relying

on that issue." Pl. Mem. 3. Plaintiffs do not clearly define what they mean by "that issue," but they appear to mean the issue whether might have been permitted to prepay the loans at issue in this case. In any event, plaintiffs contend that, in our cross-motion for summary judgment, we did raise "that issue." Upon this basis, plaintiffs assert that "[i]n view of the position ow taken by the Government, which is inconsistent with Mr. Brilliant's representation, it would be highly prejudicial to allow the Government to sandbag plaintiff this way and to allow it to make this argument . . . ." Pl. Mem. 3.

In fact, however, we have made no argument inconsistent with any prior representation. In the referenced conversation, Government counsel stated that the Government was not contending that the circumstances permitting prepayment existed with respect to plaintiffs. Nothing in our moving brief or in this brief is inconsistent with that representation. We have contended, rather, that under 42 U.S.C. § 1472(c)(5)(G)(ii)(II), there are circumstances which, <u>if</u> found to exist, would result in prepayment being permitted. We have taken no position as to whether these circumstances would be found to exist with respect to plaintiffs at any particular time if any of the plaintiffs had requested such a determination as a basis for prepayment under section 1472(c)(5)(G)(ii)(II).

In any even, if, as plaintiffs contend, they deferred filing a motion to compel in reliance upon the representation they understood Government counsel to have made, this reliance bears only upon the timeliness of their motion to compel, not the timeliness of their interrogatories.

Finally, plaintiffs err in asserting that "[t]he Government effectively concedes in its objection that the Interrogatories would have been proper if timely served." Pl. Mem. 4. We have made no concession, and the interrogatories are not proper even apart from their

untimeliness. Taken together, the interrogatories are based upon the assumption that the Government has in fact formulated specific contentions, either affirmative or negative, as to the issues raised in the interrogatories. To the extent that any administrative decisions have even been made concerning such issues in connection with any plaintiff, their validity is not at issue here, and, to the extent that they have not been made, they are not required to be made except in the course of addressing prepayment requests when relevant to deciding such requests.

For the foregoing reasons, plaintiffs' motion to compel should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

February 19, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO MOTION OF PLAINTIFFS, TAMERLANE, LIMITED AND PARK TERRACE EAST, LIMITED, TO COMPEL THE GOVERNMENT TO ANSWER INTERROGATORIES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**