# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**TAMERLANE, LIMITED, PARK TERRACE LIMITED, PARK TERRACE EAST LIMITED, and MULLICA WEST LIMITED,** *

Plaintiffs, *

v. * No. 05-677C

**THE UNITED STATES,** * (Filed Feb. 19, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Pursuant to RCFC 37(a)(2)(B), on February 1, 2008, plaintiffs filed the Motion of Plaintiffs, Tamerlane, Limited and Park Terrace East Limited, To Compel the Government To Answer Interrogatories. Defendant responded this date. Pursuant to RCFC 7.2(a), the court rules without a reply. Essentially, defendant is resisting responding to discovery requests because the parties agreed to depose the principal of plaintiff Tamerland, Limited, and plaintiff Park Terrace East, Limited, on October 31, 2007, the last day on which discovery could be conducted pursuant to ¶ 1 of the order entered on July 18, 2007. */

In agreeing to this last-minute deposition of a key actor, both parties bore the risk that information might come to light that the interlocutor would seek to explore in order to proceed to a final resolution of the jurisdictional issues pending with respect to these two plaintiffs. It was plaintiffs, however, who seized upon what they view as a new position raised by defendant during the course of the deposition. Unlike defendant, plaintiffs Tamerlane and Park Terrace East memorialized their version of events in a statement of counsel submitted pursuant to 28 U.S.C. § 1746 (2000). The court does not take cognizance of defense counsel's factual statements as a result.

---

*/ An order entered on October 30, 2007, granting defendant's unopposed extension of the discovery deadline in order to allow the deposition of Mr. Axelrod by November 14, 2007.

Moreover, the penultimate paragraph of defendant's response is mind-boggling in its opacity:

> Taken together, the interrogatories are based upon the assumption that the Government has in fact formulated specific contentions, either affirmative or negative, as to the issues raised in the interrogatories. To the extent that any administrative decisions have even been made concerning such issues in connection with any plaintiff, their validity is not at issue here, and, to the extent that they have not been made, they are not required to be made except in the course of addressing prepayment requests when relevant to deciding such requests.

Defendant should be required to state its position simply and to the point. Defense counsel knows how to remove an issue from contention, and this response fails in that regard. The means to secure the clarity that these proceedings require is contention interrogatories, and plaintiffs Tamerlane and Park Terrace East have served them. Accordingly,

**IT IS ORDERED**, as follows:

1. Plaintiffs Tamerlane and Park Terrace East's motion is granted, and by February 29, 2008, defendant shall respond fully to the contention interrogatories submitted by these plaintiffs.

2. The court will not entertain a request for attorneys' fees pursuant to RCFC 37(a)(4) because plaintiffs assumed certain risks by agreeing to the date for the deposition. In these circumstances an award of fees would be unjust.

s/ Christine O.C. Miller

_________________________________

**Christine Odell Cook Miller**
Judge