IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TAMERLANE, LIMITED, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-677C |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO
MOTION TO AMEND JUDGMENT, PURSUANT TO RCFC 59, OF MOVING
PLAINTIFFS, PARK TERRACE LIMITED AND MULLICA WEST LIMITED

Pursuant to the Court's Order of March 17, 2008, defendant, the United States, respectfully submits the following response to the motion of plaintiffs Park Terrace Limited ("Park Terrace") and Mullica West Limited ("Mullica") to amend the March 3, 2008 judgment dismissing the claims of these plaintiffs for lack of subject matter jurisdiction.

INTRODUCTION

On May 3, 2008, judgment was entered in this case dismissing the claims of Park Terrace and Mullica for lack of subject matter jurisdiction, and dismissing Count II of the complaint as to all four plaintiffs on the merits. The judgment was based upon an Opinion issued by the Court on May 18, 2007, and a Supplemental Opinion issued by the Court on February 29, 2008. As explained in these opinions, the Court's jurisdictional ruling was based upon the Court's conclusion that the claims of these plaintiffs accrued more than six years prior to the filing of this action, and were, therefore, barred by the statute of limitations.

The question at the heart of the statute of limitations issue in this case was whether the claims of Park Terrace and Mullica involved only an anticipatory breach, through the enactment of the Emergency Low Income Housing Preservation Act, Pub. L. No. 100-242, 101 Stat. 1877

(1988) ("ELIHPA"), of the plaintiffs' right to prepay the loans they received from the Farmers Home Administration ("FmHA") pursuant to sections 515 and 521 of the Housing Act of 1949 – in which case, the plaintiffs could wait for the Government's performance obligation to arise or elect to treat ELIHPA as an actual breach by filing suit prior to the time for performance – or whether the anticipatory breach became an actual one, triggering the statute of limitations, when, in the early 1990s, the Government responded to plaintiffs' prepayment requests with offers of statutory incentives to avert prepayment instead of simply permitting prepayment.

In its May 18, 2007 Opinion, the Court concluded that the claims of Park Terrace and Mullica were time-barred at least with respect to what has been referred to as the "primary period" (the period preceding the expiration of restrictive use provisions contained in equity loans accepted by these plaintiffs in lieu of being permitted to prepay their loans), but not necessarily to the "extended period" (the portion of the loan term extending past the expiration of those restrictions). In its February 29, 2008 Opinion, the Court concluded that the time bar applied to the entire period for which plaintiffs were seeking relief.

Park Terrace and Mullica seek reconsideration of the latter decision to the extent that the Court held their claims to be time-barred as to the extended period. In support of this request, they assert that the Court failed to consider one of their arguments concerning the extended period: an argument that "[t]he extended period arose under contracts which did not exist at the time of the Government's denial . . . ." Memorandum of Law in Support of Motion to Amend Judgment, Pursuant to RCFC 59, of Moving Plaintiffs, Park Terrace Limited and Mullica West Limited ("Rule 59 Motion") 4. The referenced argument, however, concerns a claim that was not pleaded, and could not have been pleaded because it makes no sense: a claim that the

enactment of ELIHPA constituted an anticipatory breach of contracts (the equity loan agreements) that did not yet exist.

This case concerns whether the enactment and/or implementation of ELIHPA effected a breach of plaintiffs' pre-existing contract rights. In this connection, the Court properly dismissed the claims of Park Terrace and Mullica as time-barred, and did not fail to consider any argument of plaintiffs that were germane to this issue.

ARGUMENT

It is well established that a motion to amend or reconsider a judgment pursuant to RCFC 59 "must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004), quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table)); accord System Fuels, Inc. v. United States, 79 Fed. Cl. 182, 184 (Fed. Cl. 2007) Four Rivers Invs., Inc. v. United States, 78 Fed. Cl. 662, 664 (2007); Amber Resources Co. v. United States, 78 Fed. Cl. 508, 514 (2007). "To prevail on such a motion, 'the movant must point to a manifest error of law or mistake of fact' and must do more than 'merely reassert[ ] arguments which were previously made and were carefully considered by the court.'" Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003), quoting Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003).

Plaintiffs' motion does not meet this standard. Plaintiffs have not established that the Court failed to consider any argument they offered that were germane to the application of the statute of limitations to the claims asserted in this case. To the extent plaintiffs' motion for reconsideration presents a variation of its arguments that this Court did not expressly address in

its February 29, 2008 opinion in this matter, this variation does not warrant reconsideration, because it falls of its own weight.

Specifically, plaintiffs assert:

> At oral argument held on December 14, 2007, counsel for claimants argued that it was illogical to consider that there had been a breach of the extended period through the prepayment letter demand, when the contract which gave rise to the extended period had yet to be formed. . . .
>
> This motion to amend judgment is filed because the claims – as to the extended period for Mullica between 2011 and 2036 and for Park Terrace between 2013 and 2043 – should not have been dismissed. The extended period arose under contracts which did not exist at the time of the Government's denial, but rather arose after the denial, which the Government claims was a predicate to the contracts. Accordingly, the claims for the extended period arose after the denial, and accrued at the time suit was filed. . . .

Rule 59 Motion 3-4 (emphasis in original).

This assertion makes no sense for several reasons. First, it obscures the subject of the breach claims involved in this suit, by referring to "a breach of the extended period." We do not engage in mere semantics by noting that there may be a breach of a contract, but there is no such thing as a breach of a "period," extended or otherwise. Plaintiffs' fuzzy terminology obscures the fact that the contracts allegedly breached as a result of ELIHPA are the pre-ELIHPA section 515 loan contracts, not the post-ELIHPA equity loan contracts. The periods involved may be pertinent to damages, insofar as plaintiffs claim that the harm resulting from the alleged breach of contract will extend through these periods. These periods are not relevant, however, to determining when the claim for the alleged breach accrued.

Second, the quoted assertion obscures the fact that the "extended period" to which the Court referred was the "unexpired loan terms following the twenty-year use restriction periods

agreed upon pursuant to their incentive loans," February 29, 2008 Opinion 7. These "unexpired loan terms" existed because the maturity dates of the original section 515 loans were later than the expiration dates of the restrictive use periods of the equity loans. This "extended period" was part of the original section 515 loan term; it did not arise from the equity loans.

Third, plaintiffs compound the confusion in this regard by describing the "extended period" as the period from the expiration of the restriction periods of the equity loans to the maturity dates of the equity loans (which are later than the maturity dates of the section 515 loans), and suggesting that their claims concerning the "extended period" involve separate causes of action under the equity loans. However, the mere creation of the equity loan contracts did not give rise to new breach claims; it merely gave rise to new contracts.[1]

Fourth, the very fact that, as plaintiffs emphasize, the equity loan contracts did not exist until after ELIHPA was enacted means that any new cause of action that might possibly arise for breach these contracts could not be based upon a claim that ELIHPA constituted an anticipatory breach. As plaintiffs correctly point out, "[i]t is axiomatic that a contract may be breached only after the contract has come into existence," Rule 59 Motion 6, but it is no less axiomatic that a contract may be anticipatorily breached only after it has come into existence. If plaintiffs contend that the equity loans require of the Government performance that is prohibited by

[1] Assuming that the equity loans themselves were, as plaintiffs have suggested, forced upon plaintiffs by virtue of ELIHPA's having prevented prepayment of the original section 515 loans, and that plaintiffs will remain subject to section 515 restrictions until the equity loans mature, it may be argued that the damages to which plaintiffs would have been entitled for the alleged breach of the section 515 contract include anticipated losses resulting from these restrictions through the maturity of the equity loans. This does not mean, however, that the creation of the equity loan contracts gave rise to a new cause of action.

ELIHPA, plaintiffs are raising a question as to whether the equity loans breached ELIHPA, not whether ELIHPA breached the equity loans.

If a basis for doing so should ever arise, Park Terrace and Mullica remain free to file a suit alleging that, after the equity loans became effective, the Government engaged in conduct distinct from the enactment and implementation of ELIHPA that constituted a repudiation or breach of the equity loan contracts. Such a suit would be entirely different from the claims that Park Terrace and Mullica filed and that the Court dismissed. The claims in this case are that the enactment and/or implementation of ELIHPA effected a breach of plaintiffs' pre-existing contract rights. The Court properly dismissed these claims as to Park Terrace and Mullica, without limitation as to the time periods that may have been affected by the alleged breach, based upon a finding that the breach occurred in the early 1990s, and that the claims were thus time-barred. Plaintiffs have failed to demonstrate that the Court overlooked any facts or arguments pertinent to this ruling, or that there is any reason to amend the judgment in question.

## CONCLUSION

For the foregoing reasons, the motion of plaintiffs Park Terrace and Mullica to amend the March 3, 2008 judgment should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

**s/Jeanne E. Davidson**
JEANNE E. DAVIDSON
Director

**Filed electronically**

**s/Shalom Brilliant**

SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

March 24, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of March, 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO MOTION TO AMEND JUDGMENT, PURSUANT TO RCFC 59, OF MOVING PLAINTIFFS, PARK TERRACE LIMITED AND MULLICA WEST LIMITED" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**