# In the United States Court of Federal Claims

No. 05-677C
(Filed April 3, 2008)

* * * * * * * * * * * * * * * * * * * * * * * *

TAMERLANE, LIMITED, PARK TERRACE LIMITED, PARK TERRACE EAST LIMITED, and MULLICA WEST LIMITED,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * *

Pleading and practice; RCFC 59 motion to amend judgment; contracts; breach of contract; anticipatory repudiation.

H. Robert Fiebach, Philadelphia, PA, for plaintiffs. David M. Doret, Cozen O'Connor, of counsel.

Shalom Brilliant, Washington, DC, with whom was Acting Assistant Attorney General Jeffrey S. Bucholtz, for defendant.

## ORDER ON MOTION TO AMEND JUDGMENT

**MILLER**, Judge.

On February 29, 2008, this court issued its supplemental opinion to the May 18, 2007 opinion dismissing for lack of subject matter jurisdiction the breach of contract claims of plaintiffs, Park Terrace Limited ("Park Terrace") and Mullica West Limited ("Mullica") (collectively, "moving plaintiffs"), and dismissing Count II of the complaint as to all four plaintiffs on the merits. See Tamerlane, Ltd. v. United States, __ Fed. Cl. ___, 2008 WL 590876 (Feb. 29, 2008); Tamerlane, Ltd. v. United States, 76 Fed. Cl. 512 (2007). On March 14, 2008, plaintiffs Park Terrace and Mullica moved to amend the judgment pursuant to Rule 59 of the Rules of the Court of Federal Claims. Defendant filed its response on March 24, 2008.

## FACTS

A full explication of facts and background, set forth in the court's May 18, 2007 opinion and February 29, 2008 supplemental opinion, is unnecessary. Recitation of the facts germane to the parties' contentions is incorporated into the discussion.

## DISCUSSION

1. Standard of review on motion to amend judgment

RCFC 59(a)(1) provides that the court may grant "[a] new trial or rehearing or reconsideration . . . to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." When presented with an RCFC 59 motion, the court may open a judgment entered, take additional testimony, amend findings of fact and conclusions of law, and direct entry of a new judgment. Id.

Granting an RCFC 59 motion lies within the discretion of the court. Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); Stockton E. Water Dist. v. United States, 76 Fed. Cl. 497, 499 (2007). "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (unpubl. table)). Reviving unsuccessful arguments and/or making new arguments not previously presented is impermissible in a motion for reconsideration, as such a motion "'is not intended to give an unhappy litigant an additional chance to sway the court.'" Stockton E. Water Dist., 76 Fed. Cl. at 500 (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)); see also White Mountain Apache Tribe v. United States, 9 Cl. Ct. 32, 35 (1985) ("'The reargument of cases cannot be permitted upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court.'" (quoting Roche v. Dist. of Columbia, 18 Ct. Cl. 289, 290 (1883))).

2. Park Terrace and Mullica's motion to amend

Plaintiffs Park Terrace and Mullica ask the court to amend its judgment that jurisdiction is lacking to adjudicate their claims as to the "extended period." Park Terrace and Mullica argue that the court improperly dismissed their claims for the extended period because the court "failed to address" their "alternative theory," which sought "a remedy for the breach of the second contract [the incentive equity loans] which came into existence only

after the putative demand and refusal to perform had accrued the rights to sue for the breach of the first [the Section 515 and Section 521 loans]." Pls.' Br. filed Mar. 14, 2008, at 4-6. Because the incentive equity loans are "separate and independent contract transaction[s]," id. at 7, such contracts can be breached only after they come into existence. Consequently, according to moving plaintiffs, the court's determination to dismiss their "extended period" claims on a ruling that such claims accrued prior to the date on which the equity loan transactions took place is in error. During argument held on December 14, 2007, moving plaintiffs asked the court to consider this "alternative theory" and represented that "they have at all relevant junctures been willing to (and remain willing to) amend the Complaint" to conform their pleadings to the arguments. Id. at 3-4, 9 n.4. The "alternative theory" that Park Terrace and Mullica advance in their motion, however, amounts to a reformation of their complaint.

The "extended period" claims discussed throughout the court's opinions referred to "claims for the prepayment rights in the unexpired loan terms following the twenty-year use-restriction periods agreed upon pursuant to [Park Terrace's and Mullica's] incentive loans." Tamerlane, 2008 WL 590876, at *4. The phrase "unexpired loan terms" referred to Park Terrace's and Mullica's original pre-1979 Section 515 and Section 521 loans that do not mature until 2028 and 2017, respectively. The "independent and separate" incentive equity loans entered into in 1993 and 1991, respectively, contained twenty-year use-restriction periods, which extended from 1993 to 2013 on Park Terrace's property and from 1991 to 2011 on Mullica's property. Thus, the opinion's references to Park Terrace's "extended period" claim referred to a claim for damages for breach of the pre-1979 loan contract for the period from the date that the incentive equity loan use-restriction period ended in 2013 until Park Terrace's pre-1979 loan matured in 2028. The opinion's references to Mullica's "extended period" claim referred to the claim for damages for breach of the pre-1979 loan contract for the period from the date that the incentive equity loan use-restriction period ended in 2011 until Mullica's pre-1979 loan matured in 2017. While the opinion's usage of the "primary period" and "extended period" terminology delineated potential "periods" of claims insofar as plaintiffs sought to recover damages for a breach that extended through these periods, the opinion ruled on only moving plaintiffs' claims under their pre-1979 loan contracts, as affected by the passage of the Emergency Low Income Housing Preservation Act of 1987, Pub. L. No. 100-242, 101 Stat. 1815 (1988) ("ELIHPA"), and the Housing and Community Development Act of 1992, Pub. L. No. 102-550, 106 Stat. 3672, 3681, 3841 (codified in relevant part at 42 U.S.C. § 1472(c) (2000)).

The court's May 18, 2007 opinion and February 29, 2008 supplemental opinion adjudicated Park Terrace's and Mullica's breach of contract claims regarding their pre-1979 loan contracts – those contract breach claims pleaded in their June 22, 2005 complaint. Dismissal of Park Terrace's and Mullica's claims for the "extended period," as the court

termed it, does not, as responding plaintiffs contend, "deprive[] Moving Plaintiffs of a remedy for the breach of the second contract [the incentive equity loans] which came into existence only after the putative demand and refusal to perform had accrued the rights to sue for the breach of the first [the pre-1979 loans]." Pl.'s Br. filed Mar. 14, 2008, at 6. 1/

3. Park Terrace and Mullica's alternative theory

Defendant opposes the motion to amend judgment, arguing that the alternative theory advanced "concerns a claim that was not pleaded, and could not have been pleaded because it makes no sense: a claim that the enactment of ELIHPA constituted an anticipatory breach of contracts (the equity loan agreements) that did not yet exist." Def.'s Br. filed Mar. 24, 2008, at 2-3.

Park Terrace and Mullica's motion appears to advance claims for breach of the incentive equity loan contracts and declares that the court committed an error in dismissing those claims because the incentive equity loan contracts did not exist until after the dates that the court deemed claim accrual had occurred. 2/ Moving plaintiffs state: "It is axiomatic that a contract may be breached only after the contract has come into existence." Pls.' Br. filed

---

1/ While some of moving plaintiffs' remarks and briefs have alluded to seeking damages with respect to an "extended period" that would run until their incentive equity loans mature in 2043 and 2036, see, e.g., Pls.' Br. filed Dec. 18, 2006, at 19-20, moving plaintiffs' June 22, 2005 complaint is not reasonably susceptible of amendment to assert breach of contract claims with respect to the incentive equity loans, as such claims would appear to state separate and independent causes of action. Before final judgment entered on their claims, the court did not grant moving plaintiffs leave to amend the complaint to assert independent claims with regard to the incentive equity loans, and the court's opinions adjudicated only plaintiffs' claims based on their pre-1979 contracts.

While conceding that the creation of the equity loans gave rise to new contracts, defendant maintains that "[t]his does not mean, however, that the creation of the equity loan contracts gave rise to a new cause of action." Def.'s Br. filed Mar. 24, 2008, at 5 & n.1. Defendant, nevertheless, states that "Park Terrace and Mullica remain free to file a suit alleging that, after the equity loans became effective, the Government engaged in conduct distinct from the enactment and implementation of ELIHPA that constituted a repudiation or breach of the equity loan contracts." Id. at 6.

2/ As stated in supra note 1, the court's opinions do not purport to dismiss any claims asserting breach of incentive equity loan contracts, as the complaint did not plead those claims.

Mar. 14, 2008, at 6. However, moving plaintiffs undermine the logic of their alternative theory in the same paragraph: "Likewise, an anticipatory breach occurs *once a contract is in existence*, when the promisor upon demand refuses to perform." Id. (emphasis added). As Park Terrace and Mullica's alternative theory appears to allege that ELIHPA, enacted in 1988, anticipatorily breached or repudiated contracts created in 1991 and 1993, the court, just as defendant, is perplexed by whether a viable cause of action can be maintained on this alternative theory. See Def.'s Br. filed Mar. 24, 2008, at 5 ("[T]he very fact that, as plaintiffs emphasize, the equity loan contracts did not exist until after ELIHPA was enacted means that any new cause of action that might possibly arise for breach [of] these contracts could not be based upon a claim that ELIHPA constituted an anticipatory breach."). The proper vehicle for airing this theory is not a motion for reconsideration.

4. Errata to the May 18, 2007 opinion and February 29, 2008 supplemental opinion

Moving plaintiffs have brought to the court's attention an error in the May 18, 2007 opinion. The May 18, 2007 opinion stated: "The statute of limitations began to run for Park Terrace as to the twenty-year restriction period on or before *July 16, 1992*, when Park Terrace entered into its equity loan with FmHA." Tamerlane, Ltd., 76 Fed. Cl. at 523 (emphasis added). As that opinion stated earlier, Park Terrace entered into an equity loan with FmHA on July 16, 1993. See id. at 516 ("On *July 16, 1993*, Park Terrace borrowed an additional $925,000." (emphasis added)). Regrettably, this error was carried forward uncorrected into the supplemental opinion issued on February 29, 2008, thereby requiring further correction. 3/ The error as to the date does not affect the substance of the court's rulings in these opinions; Park Terrace's breach of contract claim accrued by, and the statute of limitations began to run on, July 16, 1993, and the June 22, 2005 complaint was filed well beyond the six year statute of limitations.

## CONCLUSION

Park Terrace and Mullica have not justified their motion to amend judgment. Accordingly, based on the foregoing, Park Terrace and Mullica's motion to amend judgment

---

3/ The following pages of the supplemental opinion entered on February 29, 2008, required correction: pages 7 (two errors corrected), 15, 16 (two errors corrected), 18, 19, 21 (two errors corrected, including removal of footnote 10). Footnote 10, which relied in substance on the incorrect date of July 16, 1992, is deleted in its entirety.

is denied, except insofar as corrections have been made to both the May 18, 2007 opinion and the February 29, 2008 supplemental opinion. 4/

**IT IS SO ORDERED.**

s/ Christine O.C. Miller

**Christine Odell Cook Miller**
Judge

4/ The May 18, 2007 opinion and the February 29, 2008 supplemental opinion have been corrected on the commercial electronic databases; the listing of published opinions on the United States Court of Federal Claims's web site; and the cases docket entries [31] and [73], respectively, to reflect the correct date of July 16, 1993.